**SETTLEMENT AGREEMENT AND RELEASE**

THIS SETTLEMENT AGREEMENT AND RELEASE is made and entered into on January 12, 2018, by and between Plaintiffs Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer, individually and on behalf of the Settlement Class[1] they propose to represent, on the one hand, and Bank of America, N.A. and Bank of America Corporation, on the other hand, by and through their respective authorized signatories in full and complete settlement of the claims advanced in *Pantelyat v. Bank of America, N.A., et al.*, Case No. 1:16-cv-08964 (S.D.N.Y.).

**I.       RECITALS**

WHEREAS, on November 17, 2016, Plaintiff Nicoletta Pantelyat filed a Class Action Complaint against Defendants in the United States District Court for the Southern District of New York, Case No. 1:16-cv-8964 (the "Action"), alleging that Bank of America improperly assessed overdraft fees for two non-recurring debit card purchases she made with Uber;

WHEREAS, the Class Action Complaint filed on November 17, 2016 asserted claims against Defendants for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) conversion; (4) unjust enrichment; (5) breach of fiduciary duty; (6) violation of New York General Business Law § 349; and (7) violation of New York General Business Law § 350;

WHEREAS, on January 9, 2017, Defendants moved to dismiss the Class Action Complaint and all of its causes of action for failure to state a claim;

WHEREAS, on February 13, 2017, Plaintiff Nicoletta Pantelyat filed an Opposition to Defendants' Motion to Dismiss;

WHEREAS, although Plaintiff Nicoletta Pantelyat alleged, *inter alia*, that Bank of America had a general policy or practice of misclassifying transactions as recurring, prior to the execution of this Agreement, Bank of America provided information demonstrating, *inter alia*,

---

[1]       Unless otherwise defined, capitalized words or terms used in this Settlement Agreement and Release shall have the meanings as set forth in the Definitions Section II, Paragraphs 1 through 47, herein.

1

that the classification of Uber debit card transactions as recurring was not made by Bank of America;

WHEREAS, on April 7, 2017, approximately five (5) months after the Action was commenced, Bank of America's Deposit Agreement and Disclosures were revised to include the following italicized new sentence in the following paragraph: "What are everyday non-recurring debit card transactions and what are recurring debit card transactions? Everyday non-recurring debit card transactions are usually purchases made with your debit card or debit card number on a one-time or day-to-day basis.  As examples, you use your debit card for purchases of groceries, gas, or coffee in the morning.  Recurring debit card transactions are usually transactions that you set up to occur automatically, such as automatic bill payments. As examples, you give merchants your debit card number to use for rent, mortgage, car, or utility payments.  *We rely on the merchant that processes the transaction to determine if it is a recurring transaction or an everyday non-recurring transaction*."

WHEREAS, Plaintiffs intend to file an Amended Class Action Complaint;

WHEREAS, the Amended Class Action Complaint will be filed by Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer, as Plaintiffs and proposed Class Representatives;

WHEREAS, before entering into this Settlement Agreement, Plaintiffs, by and through Class Counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of liability, potential remedies, and all defenses thereto;

WHEREAS, this Settlement was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and after three (3) in-person mediations under the supervision of JAMS mediators, the Honorable Daniel Weinstein (Ret.) and Lizbeth Hasse, Esq., and numerous other settlement discussions.  Before and during these settlement discussions and mediations, the Parties had an arm's-length exchange of sufficient information to permit Plaintiffs and their counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions;

WHEREAS, as a result of extensive arm's-length negotiations, Plaintiffs and Plaintiffs' Counsel, on behalf of the proposed Settlement Class, and Defendants entered into this Settlement Agreement to settle and resolve the class claims alleged in the Action;

WHEREAS, Defendants deny any and all liability to Plaintiffs and members of the proposed Settlement Class and believe they would ultimately be successful in their defenses to all claims asserted in the Action, but nevertheless desire to settle the Action, and all claims that could have been alleged therein, on the terms set forth in this Agreement solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings;

WHEREAS, based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs, Class Counsel, and Plaintiffs' Counsel on behalf of the other members of the proposed Settlement Class, agreed to settle the Action pursuant to the provisions of this Agreement, after considering, among other things: (i) the substantial benefits to the proposed Settlement Class Members under the terms of this Settlement; (ii) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (iii) the desirability of consummating this Settlement as promptly as possible in order to provide effective relief to the proposed Settlement Class Members;

WHEREAS, the undersigned Class Counsel have conducted substantial discovery, have investigated the facts and underlying events relating to the subject matter of the claims, have carefully analyzed the applicable legal principles, and, along with Plaintiffs and Plaintiff's counsel, have concluded, based upon their investigation, and taking into account the risks, uncertainties, burdens and costs of further prosecution of their claims, and also taking into account the substantial benefits the proposed Settlement Class will receive pursuant to this Agreement as set forth below, that a resolution and compromise on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the proposed Settlement Class and the Plaintiffs;

WHEREAS, the Parties agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any federal or state statute, rule or regulation, or principle of common law or equity, or of any liability or wrongdoing whatsoever, or of the truth of any of the claims asserted in the Action, or of the infirmity of any of the defenses that have been raised or could be raised by Defendants;

NOW THEREFORE, IT IS HEREBY AGREED THAT, in consideration of the covenants and agreements set forth herein, the Action shall be fully and finally settled and released, subject to judicial approval as required under Rule 23 of the Federal Rules of Civil Procedure, under the following terms and conditions:

## II.   DEFINITIONS

1.      "Action" means the class action lawsuit entitled *Pantelyat v. Bank of America, N.A., et al.,* Case No. 1:16-cv-08964, pending in the United States District Court, Southern District of New York.

2.      "Administration Expenses" means any and all reasonable fees, costs, and charges incurred, charged, or invoiced by the Settlement Administrator relating to the administration and notice of the Settlement, including but not limited to: (i) the reasonable costs and expenses that are associated with disseminating the notice to the Settlement Class, including, but not limited to, the Class Notice and the performance of the Notice Plan; (ii) the reasonable costs and expenses that are associated with the maintenance of the Settlement Fund as provided in this Agreement; (iii) the payment of Taxes, if any; and (iv) the reasonable costs and expenses of the distribution of the Settlement Fund to Settlement Class Members.

3.      "Agreement," "Settlement," or "Settlement Agreement" means this Settlement Agreement and Release and the settlement embodied in this Settlement Agreement and Release, including all attached Exhibits (which are an integral part of this Settlement Agreement and Release and are incorporated in their entirety by reference).

4.      "Bank of America" or "Defendants" means collectively Bank of America, N.A. and Bank of America Corporation.

5.      "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(d).

6.      "Class Counsel" means Ahdoot & Wolfson, PC.

7.      "Complaint" means the Amended Class Action Complaint to be filed in this Action.

8.      "Consumer Deposit Account" means any deposit account with Bank of America that is classified as a consumer account.

9.      "Class Notice" means the notice, substantially in the form attached as Exhibit A, that will be provided to the Settlement Class pursuant to Paragraphs 58 to 75 of this Agreement.

10.     "Closed Consumer Deposit Account" means a Consumer Deposit Account that is not an Open Consumer Deposit Account.

11.     "Court" means the United States District Court for the Southern District of New York, or any subsequent court, where the Action is proceeding.

12.     "Defense Counsel" means Goodwin Procter, LLP.

13.     "Effective Date" means the date on which the Final Approval Order becomes "Final."  As used in this Settlement Agreement, "Final" means:

(a)     five (5) business days after all of the following have occurred:

(i)     the Court enters a final approval order and judgment approving the Settlement of the Action in a manner substantially consistent with the terms and intent of this Agreement; and

(ii)    (a) if appellate review is not sought from the Final Approval Order, the expiration of the time for the filing or noticing of any appeal; or (b) if an appeal is taken, the date upon which all appeals (including any requests for rehearing or other appellate review), as well as all further appeals therefrom (including all petitions for *certiorari*) have been finally resolved in a manner that is substantially consistent with the terms and intent of this Agreement, and the deadline for taking any further appeals has expired such that no future appeal is possible;

(b)     or such date as the Parties otherwise agree in writing.

14.     "Fee and Expense Award" means such funds as may be approved and awarded by the Court to Class Counsel and/or Plaintiffs' Counsel to compensate them for conferring the benefits upon the Class under this Agreement and for their professional time, fees, costs, advances, and expenses incurred in connection with the Action and the Settlement.

15.     "Fee Application" means Class Counsel's and/or Plaintiffs' Counsel's application for the Fee and Expense Award.

16.     "Final Approval Hearing" means the hearing at or after which the Court will determine whether to finally approve the Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e).  Plaintiffs' Counsel shall request that the Court schedule the Final Approval Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

17.     "Final Approval Order" means the proposed final order and final judgment to be submitted to and entered by the Court in connection with the Final Approval Hearing, the proposed form of which is attached hereto as Exhibit B.

18.     "Last Known Address" means the most recently-recorded physical mailing address, as such information is contained in Bank of America's electronic records, or as updated by the procedures set forth herein.

19.     "Notice Plan" means the method and process of disseminating the Class Notice and notice of the Settlement as described in Paragraphs 58 to 75.

20.     "Open Account Settlement Class Members" means those Settlement Class Members who, as of the Effective Date, have an Open Consumer Deposit Account.

21.     "Open Consumer Deposit Account" means a consumer deposit account for which there is no closing date in Bank of America's account servicing system.

22.     "Opt-Out and Objection Deadline" means the date that is ninety-five (95) days after the entry of the Preliminary Approval Order, or any other date set by the Court, by which a person in the Settlement Class must opt out of the Settlement or make any objection to the proposed Settlement, the Fee Application, and/or the Service Award Application, in accordance with the procedures set forth herein and/or in any order of the Court.

23.     "Parties" means, collectively, the Defendants and the Plaintiffs in the Action.

24.     "Plaintiffs" means collectively the named Plaintiffs in the Action, Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer.

25.     "Plaintiffs' Counsel" means collectively the law firms of (i) Ahdoot & Wolfson, PC, (ii) Whitfield, Bryson & Mason, and (iii) Zimmerman Reed, LLP.

26.     "Preliminary Approval Date" means the date on which the Preliminary Approval Order, or any other order(s) preliminarily approving the settlement, is entered by the Court.

27.     "Preliminary Approval Hearing" means the hearing at or after which the Court will determine whether to preliminarily approve the Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e) and authorize the mailing of the Class Notice.

28.     "Preliminary Approval Order" means the order to be submitted to and entered by the Court in connection with the Preliminary Approval Hearing, the proposed form of which is attached hereto as Exhibit C.

29.     "Released Claims" means the claims and matters released in Paragraphs 101 to 104 of this Settlement Agreement.

30.     "Released Parties" means the individuals and entities released in Paragraphs 101 to 104 of this Settlement Agreement.

31.     "Service Award(s)" means such funds as may be awarded by the Court to the Plaintiffs in recognition of their time, effort, and service to the Settlement Class, expended in pursuing the Action and in fulfilling their obligations and responsibilities as the Settlement Class Representatives.

32.     "Service Award Application" means Class Counsel's application for service awards to the Settlement Class Representatives.

33.     "Settlement Administrator" means a qualified third-party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Class Notice and implementing the Notice Plan pursuant to the terms and conditions of this Agreement.  The Parties agree to

recommend that the Court appoint Epiq Systems, Inc. as the Settlement Administrator, subject to the Court's approval.

34.     "Settlement Amount" means Twenty-Two Million Dollars ($22,000,000.00) which shall be inclusive of: (i) all payments to Settlement Class Members; (ii) any Fee and Expense Award; (iii) any Service Awards; and (iv) Administration Expenses.

35.     "Settlement Class" means: all holders of consumer deposit accounts with Bank of America, N.A. in the United States who were charged (and not refunded or credited) overdraft fees on debit card transactions made with Uber between January 1, 2012 and December 31, 2016 that were coded (or classified) by the merchant as recurring transactions.  Excluded from the Settlement Class are: (a) all persons who are employees, directors, and officers of Bank of America, N.A. and Bank of America Corporation; (b) the Judge presiding over this Action; and (c) the Court staff.

36.     "Settlement Class Member" means a person on the Settlement Class List who is not a Successful Opt-Out.  If a consumer deposit account has more than one account holder, then all authorized account holders shall be treated as one Settlement Class Member for purposes of the Settlement.

37.     "Settlement Class Period" means January 1, 2012 through December 31, 2016.

38.     "Settlement Class Representatives" means Plaintiffs Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer.

39.     "Settlement Class Member List" means the list of all persons who, according to Bank of America's business records, fall within the definition of the Settlement Class, which will be provided by Defense Counsel to the Settlement Administrator in accordance with the terms and provisions of Paragraphs 62 to 63 hereof.

40.     "Settlement Fund" means the Settlement Amount (*i.e.* $22,000,000.00), and any other funds held in escrow by the Settlement Administrator pursuant to this Settlement Agreement, including accrued interest.

41.    "Settlement Fund Balance" means the balance remaining in the Settlement Fund after: (i) the addition of interest accrued on the Escrow Account; and (ii) deductions for the payment of (a) the Administration Expenses, (b) any Service Awards, and (c) any Fee and Expense Award.

42.    "Settlement Share" means the payment to a Settlement Class Member from the Settlement Fund.  Each Settlement Class Member's Settlement Share will be calculated consistent with the provisions of Paragraph 85 hereof.

43.    "Successful Opt-Out" means any person or persons who timely and validly exercise their right to opt out of the Settlement Class, pursuant and subject to Paragraph 74 hereof, but shall not include, in the discretion of the Parties: (a) persons whose opt-outs are challenged by Bank of America and the challenge is not overruled by the Court or withdrawn by Bank of America; (b) persons whose communications are not treated as an opt-out, as provided in Paragraph 74 hereof; and (c) persons who purport to opt out of the Settlement as a group, aggregate or class.

44.    "Taxes" means: (a) all federal, state, or local taxes of any kind on any income earned on the Settlement Fund; and (b) the reasonable expenses and costs incurred by the Settlement Administrator in connection with determining the amount of, and paying, any taxes owed on interest accrued on the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

45.    "Uber" means: (a) Uber Technologies, Inc.; (b) any agent or entity acting in its name or under its authority (alleged or actual), including any third parties used to originate or process debit card transactions; and (c) all present and former parents, predecessors, successors, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, attorneys, vendors, accountants, agents, representatives and employees of each of the persons or entities in subparagraphs (a) and (b) of this paragraph.

46.    "Uber Overdraft Fee" means any overdraft fee, charged (and not refunded or credited) by Bank of America, on debit card transactions made with Uber during the Settlement Class Period that were coded (or classified) as a recurring transaction.

47.    "Uncashed Settlement Checks" means any checks sent to Settlement Class Members that remain uncashed after a period of one hundred and eighty (180) days from the date of the first distribution of checks to Settlement Class Members.

Capitalized terms used in this Settlement Agreement but not defined above shall have the meaning ascribed to them in the provisions herein, including the attached Exhibits.

### III.    SETTLEMENT PROCEDURES

**A.    Administration of the Settlement**

48.    Settlement Administrator.  The Parties shall jointly recommend and retain Epiq Systems, Inc. to be the Settlement Administrator.  Subject to Court approval, Epiq Systems, Inc. will administer the Settlement.  All Administration Expenses shall be paid from the Settlement Fund.

49.    Because the Settlement Class Member List will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and cash benefits and processing opt out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendants, Defense Counsel, and Class Counsel and will ensure that any information provided to it by Settlement Class Members, Defense Counsel, or Defendants will be secure and used solely for the purpose of effecting this Settlement.

50.    In fulfilling its responsibilities in providing Class Notice, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the Class Notice, and implementing the Notice Plan.  In particular, the Settlement Administrator shall be responsible for:  (a) arranging for the dissemination of the Class Notice pursuant to the requirements of this Agreement; (b) designing and implementing notice to the Settlement Class pursuant to the requirements of this Agreement; (c) responding to requests from Class Counsel and/or Defense Counsel; and (d) otherwise implementing and/or assisting with the dissemination

of the notice of the Settlement pursuant to the requirements of this Agreement.

51.     The Settlement Administrator also shall be responsible for, without limitation, dissemination of Class Notice as set forth in Paragraphs 58 to 75 of this Agreement and implementing the distribution of the Settlement Fund Balance to the Settlement Class Members pursuant to the requirements of this Agreement, and related administrative activities that include communications with Settlement Class Members concerning the Settlement and their options thereunder.

52.     In particular, the Settlement Administrator shall be responsible for:  (a) printing, e-mailing, mailing, or otherwise arranging for the mailing of the Class Notice in response to Settlement Class Members' requests; (b) making any mailings required under the terms of this Agreement; (c) establishing a settlement website (www.RideOverdraftSettlement.com) that contains the Class Notice and applicable dates and deadlines; (d) establishing a toll-free voice response unit with message and interactive voice response (IVR) capabilities to which Settlement Class Members may refer for information about the Action and the Settlement; (e) receiving and maintaining any Settlement Class Member correspondence regarding requests for exclusion to the Settlement; (f) promptly forwarding inquiries and correspondence from Settlement Class Members to Class Counsel for a response, if warranted; (g) establishing an e-mail address and post office box for the receipt of exclusion (opt out) requests, and any correspondence; and (h) otherwise implementing and/or assisting with the distribution of the Settlement Fund Balance to Settlement Class Members.

53.     The Settlement Administrator shall administer the Settlement in accordance with the terms of this Agreement and, without limiting the foregoing, shall:

        (a)     Treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Agreement or by court order;

(b)     Receive requests for exclusion or opt out requests from persons in the Settlement Class and provide to Class Counsel and Defense Counsel a copy thereof within seven (7) days of receipt.  If the Settlement Administrator receives any requests for exclusion or opt out requests after the deadline for the submission of such requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof;

(c)     Receive and maintain all correspondence from any Settlement Class Member regarding the Settlement; and

(d)     Keep a clear and careful record of all communications with Settlement Class Members, all Administration Expenses, and all tasks performed in administering the Claims process.

54.     The Settlement Administrator must consent, in writing, to serve and shall abide by the obligations of this Agreement and the Orders issued by the Court.

55.     The Settlement Administrator shall provide a copy of all invoices for any Administration Expenses to Class Counsel and Defense Counsel prior to payment.

56.     The Settlement Administrator shall make all reasonable efforts to administer the Settlement efficiently and to avoid unnecessary Administration Expenses.  As soon as work commences, the Settlement Administrator shall provide a detailed written accounting of all Administration Expenses on a regular basis to Class Counsel and Defense Counsel, and shall respond promptly to inquiries by Class Counsel and Defense Counsel concerning the administration and notice fees and expenses.  The Parties are entitled to observe and monitor the performance of the Settlement Administrator to assure compliance with this Agreement.  The Settlement Administrator shall promptly respond to all Settlement Class Member inquiries and provide a complete response and/or any and all materials in its possession following an inquiry and request for information made by Defendants, Defense Counsel, or Class Counsel.  In addition, the Settlement Administrator shall have authority to resolve, in good faith, any disputes regarding the validity or timeliness of an opt-out to the Settlement pursuant to the terms set forth in this Agreement.

**B.      Preliminary Approval**

57.      On or before January 19, 2018, Class Counsel shall move the Court for entry of the Preliminary Approval Order (substantially in the form of Exhibit C hereto), for the purposes of, among other things:  (a) preliminarily approving the Settlement memorialized in this Agreement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Agreement; (b) finding that the requirements for provisional certification of the Settlement Class have been satisfied; (c) certifying the Settlement Class as defined herein for settlement purposes only; (d) setting a date for a Final Approval Hearing; (e) approving the proposed Class Notice that is attached as Exhibit A, and authorizing its dissemination to Settlement Class Members in accordance with the terms of this Agreement; (f) determining that the notice of the Settlement and of the Final Approval Hearing, as set forth in this Agreement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution; (g) providing that any objections by any Settlement Class Member to the certification of the Class and the proposed Settlement contained in this Agreement, and/or the entry of the Final Approval Order, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Approval Hearing only if, on or before the date(s) specified in the Class Notice and Preliminary Approval Order, such objector submits to the Court a written objection, and otherwise complies with the requirements in Paragraph 75 of this Agreement; (h) establishing dates by which Class Counsel shall file and serve all papers in support of the application for final approval of the Settlement and by which the Parties shall file and serve all papers in response to any valid and timely objections and by which Class Counsel shall file the Fee Application; (i) providing that all Settlement Class Members will be bound by the Final Approval Order; (j) providing that persons in the Settlement Class wishing to exclude themselves from the Settlement will have until the date specified in the Class Notice and the Preliminary Approval Order to submit a valid written request for exclusion or opt out to the Settlement Administrator; (k) providing a procedure for persons in the Settlement Class to request exclusion or opt out  from the Settlement; (l) directing

the Parties, pursuant to the terms and conditions of this Agreement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement; (m) setting deadlines consistent with this Agreement for mailing of the Class Notice, opting out of or objecting to the Settlement, and filing papers in connection with the Final Approval Hearing; (n) appointing Settlement Class Representatives as class representatives and Class Counsel as counsel for the Settlement Class; and (o) approving the appointment of the Settlement Administrator.  For purposes of Settlement only, Defendants will not oppose the Preliminary Approval Order or the certification, pursuant to Fed. R. Civ. P. 23(b)(3), of the Settlement Class.

**C.    Class Notice**

58.    Following the entry of the Preliminary Approval Order, the Settlement Administrator shall provide timely Class Notice in the manner and form approved and directed by the Court.

59.    Notice of the Settlement to the Settlement Class Members shall comply with Federal Rules of Civil Procedure and any other applicable statute, law, or rule, including but not limited to, the Due Process Clause of the United States Constitution.  Defendants shall provide the CAFA Notice.

60.    Following the Court's preliminary approval of this Settlement and the Court's appointment of the proposed Settlement Administrator, the Settlement Administrator shall disseminate the Class Notice, as specified in the Preliminary Approval Order and Paragraphs 58 to 75 herein, and in order to comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

61.    The Class Notice shall be in a form substantially similar to the document attached to this Agreement as Exhibit A and shall comport to the following: (a) the Class Notice shall contain a plain and concise description of the nature of the Action and the proposed Settlement, including information on the definition of the Settlement Class, the identity of Settlement Class Members, how the proposed Settlement would provide relief to Settlement Class Members, what claims are released under the proposed Settlement, and other relevant information; (b) the Class

14

Notice shall inform everyone on the Settlement Class Member List that they have the right to opt out of the Settlement, and provide the deadlines and procedures for exercising this right; (c) the Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and appear at the Final Approval Hearing, and shall provide the deadlines and procedures for exercising these rights; and (d) the Class Notice shall inform Settlement Class Members that the Administration Expenses will be deducted from the Settlement Fund, the maximum amounts to be sought by Class Counsel and/or Plaintiffs' Counsel for the Fee and Expense Award and Service Awards to Plaintiffs, and shall explain that the Administration Expenses, any Fee and Expense Award, and any Service Awards will be paid out of the Settlement Fund before Settlement Class Members' Settlement Shares are calculated.

62.     Within fourteen (14) days of the Preliminary Approval Date, Defense Counsel shall provide to the Settlement Administrator the Settlement Class Member List.  In preparing the Settlement Class Member List, Bank of America shall have no obligation to look beyond information obtainable from Bank of America's readily searchable databases to determine the Last Known Addresses of Settlement Class Members.

63.     The Settlement Class Member List shall specify:

(a)     The names of all Settlement Class Members;

(b)     The Last Known Address for each Settlement Class Member;

(c)     The number of Uber Overdraft Fees associated with each Settlement Class Member's Consumer Deposit Account; and

(d)     For each Settlement Class Member, whether that Settlement Class Member has an Open Consumer Deposit Account or a Closed Consumer Deposit Account.

64.     The Settlement Administrator shall utilize current U.S.P.S. software and/or the National Change of Address ("NCOA") database searches to update the address records so that a Settlement Class Member's most recent address will be utilized for mailing purposes.

65.     The Settlement Class Member List and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this

Agreement and shall not be used for any other purpose at any time.  Except to administer the Settlement as provided in this Agreement, or provide necessary data and information to the Parties upon request, neither the Settlement Class Member List nor the information contained therein, shall be reproduced, copied, stored, or distributed in any form, electronic or otherwise, and shall be subject to return or destruction pursuant to Paragraph 126 of this Agreement.

66.     The Settlement Administrator shall provide notice of this Settlement and the Final Approval Hearing to all Settlement Class Members by mailing a copy of the Class Notice. Unless adjusted by Court order, the mailing of all Class Notices shall be completed within thirty-five (35) days after the entry of the Preliminary Approval Order.

67.     Prior to the dissemination and mailing of the Class Notice to any Settlement Class Member, the Settlement Administrator shall establish an Internet website, www.RideOverdraftSettlement.com, which will contain the Class Notice and inform Settlement Class Members of the relevant dates and deadlines and related information.  The website shall include, in .pdf downloadable format, the following: (i) the Class Notice; (ii) the Preliminary Approval Order; (iii) this Agreement (including all of its Exhibits), (iv) the Complaint; and (v) any other materials agreed upon by the Parties and/or required by the Court.  The Internet website shall provide persons in the Settlement Class with the ability to complete and submit a request for exclusion or opt out at all times prior to the Opt-Out and Objection Deadline.

68.     Prior to the dissemination and mailing of the Class Notice to any Settlement Class Member, the Settlement Administrator shall establish a toll-free telephone number, through which Settlement Class Members may obtain information about the Action and the Settlement and request a mailed copy of the Class Notice.

69.     The Administration Expenses shall be paid solely from the Settlement Fund and Bank of America shall have no additional obligation or liability with respect to such costs or expenses.  The Parties, in good faith, will endeavor to minimize these costs to the extent possible or prudent.

70.     In the event that a Class Notice is returned to the Settlement Administrator by the U.S.P.S. because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall re-send the Class Notice to the forwarding address within seven (7) days of receiving the returned Class Notice.

71.     In the event that subsequent to the first mailing of a Class Notice, and at least fourteen (14) days prior to the Opt-Out and Objection Deadline, a Class Notice is returned to the Settlement Administrator by the U.S.P.S. because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Class Notice within seven (7) days of receiving such information.  If such address cannot be ascertained, the Settlement Administrator will meet and confer with Defendants to determine whether, consistent with their privacy policies and their customers' notification preferences, a current e-mail address is available for the Settlement Class Member, and if available, the Settlement Administrator shall e-mail the Class Notice to said e-mail address.

72.     For a period of three hundred and sixty (360) days after the Preliminary Approval Date, or two hundred and twenty-five (225) days after the Effective Date, whichever is longer, the Settlement Administrator shall maintain, at its expense, a post office box or address, as well as a functioning e-mail address, to receive communications in connection with the Settlement.

73.     Confirmation of Class Notice.  Prior to the Final Approval Hearing, Class Counsel shall serve and file sworn statements from the Settlement Administrator evidencing compliance with the provisions of the Preliminary Approval Order concerning the mailing of the Class Notice.

74.    Opt-Out Rights.

(a)    In the event a person in the Settlement Class wishes to be excluded from the Settlement Class, the Settlement, and not to be bound by this Agreement, then that person must, prior to the Opt-Out and Objection Deadline, either: (i) sign and mail a notice of intention to opt out of the Settlement to the Settlement Administrator (in no particular format, but which contains the account holder's name, address, and telephone number and the words "opt out," "exclusion," or words to that effect clearly indicating an intent not to participate in the settlement); or (ii) complete and electronically submit the opt-out form available on the Settlement Website (www. RideOverdraftSettlement.com).  If there is more than one account holder on a consumer deposit account, then all account holders must execute the notice of intention to opt out for the opt-out to be effective.  If necessary, the Parties shall confer as to whether a communication is a request to opt out, and shall inform the Court of their position at the Final Approval Hearing.  In no event shall any notice in which someone purports to opt out any other person (including any group, aggregate, or putative class involving more than one account) be considered a valid opt-out.  Individuals are not permitted to exclude other individuals, and each individual must evidence his or her intent by complying with the procedures above.  Any opt-out submitted on behalf of a group, aggregate, or putative class shall be deemed valid as to the individual submitting the opt-out only, and shall be invalid as to the group, aggregate, or putative class.  The Class Notice shall notify everyone on the Settlement Class Member List as to their right to opt out and the methods to do so.  Settlement Class Members will not include any persons who send timely and valid opt-out requests, and Successful Opt-Outs will not release any claims and will not be entitled to any benefit under this Settlement.

(b)    The Class Notice shall provide that requests to opt out of the Settlement that are submitted by U.S. mail must be mailed to the Settlement Administrator postmarked by the Opt-Out and Objection Deadline, or be forever barred.

(c)    The Class Notice shall provide that requests to opt out of the Settlement

18

that are submitted on the Settlement Website must be submitted by the Opt-Out and Objection Deadline, or be forever barred.

(d)   The Settlement Administrator must send Defense Counsel and Class Counsel copies of any opt-out notices it receives within seven (7) days of receipt.  Class Counsel will, at least five (5) court days before the Final Approval Hearing, file copies of all opt-out notices with the Court.  Defendants or Class Counsel may dispute an opt-out or purported opt-out, including an attempt to opt out as a group, aggregate or class, within thirty (30) days of the postmarking of the notice of intention to opt out, or by the date of the Final Approval Hearing, whichever occurs later.  Such objection shall be effective to void any opt-out or purported opt-out, unless and until (i) counsel for the other Parties disputes the objection, in good faith and in writing to the objecting counsel, within ten (10) days of the objection, and (ii) promptly seeks a ruling by the Court and proves that the objection should be rejected or overruled.  The Court shall retain jurisdiction to resolve such disputes.  Any decision by Defense Counsel not to dispute an opt-out or purported opt-out shall not be a waiver, determination, or preclusive finding against Defendants with respect to any other opt-out notice.

75.   Objections to the Settlement.

(a)   Subject to the requirements of this Paragraph 75, any Settlement Class Member may (i) object to the proposed Settlement and/or to the Fee Application and/or to the Service Award Application, (ii) appear at the Final Approval Hearing to object to the proposed Settlement and/or to the Fee Application and/or the Service Award Application.  To do so, the Settlement Class Member must (i) file a written objection (together with any briefs, papers, statements, or other materials that the Settlement Class Member wishes the Court to consider) with the Clerk of the Court, and (ii) comply with all of the requirements set forth in Paragraphs 75(b) to 75(e) below, by the Opt-Out and Objection Deadline.  Further, any Settlement Class Member who intends to object and appear at the Final Approval Hearing, must file a Notice of Intention to Appear with the Clerk of the Court and serve the Notice on all Parties.  Only a Settlement Class Member may file an objection.

(b)      The Settlement Class Member(s) must make his, her, or their objection in writing and file it with the Clerk of the Court by the Opt-Out and Objection Deadline, and serve the objection on Class Counsel and Defense Counsel at the addresses specified in the Class Notice, postmarked no later than the Opt-Out and Objection Deadline.

(c)      An objection must: (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (ii) include a detailed statement of such Settlement Class Member's specific objections; (iii) state the grounds for such objections; (iv) identify all documents which the Settlement Class Member asks the Court to consider; and (v) identify, with specificity, each instance in which the Settlement Class Member or his/her counsel has objected to a class action settlement in the past five (5) years, including the caption of each case in which the objector has made such objection, and a copy of any order or opinions related to or ruling upon the objectors' prior such objections that were issued by the trial and/or appellate courts in each listed case.

(d)      Settlement Class Representatives and Bank of America may file responses to any objections within seven (7) days prior the Final Approval Hearing.

(e)      Any Settlement Class Member who does not provide a timely (on or before the Opt-Out and Objection Deadline) and written objection shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the Fee Application, the Fee and Expense Award, Service Award Application, or the Service Awards.

**D.      Final Approval**

76.      At the time designated by the Court, Plaintiffs shall move the Court for an order, substantially in the form of Exhibit B hereto, which shall specifically include provisions that: (a) the Court has personal jurisdiction over all Settlement Class Members, the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper; (b) finally approve the Settlement pursuant to Rule 23 of the Federal Rules of Procedure; (c) find that the Class Notice as distributed was the best notice practicable under the circumstances and fully

satisfied the requirements of due process and Federal Rule of Civil Procedure 23; (d) find that the notice provided to government entities under the Class Action Fairness Act complied with 28 U.S.C. § 1715; (e) approve the plan of distribution of the Settlement Amount and interest accrued thereon and authorize the Parties to implement the terms of the Settlement; (f) finally certify the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3); (g) confirm that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; (h) retain jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Agreement, the Final Approval Order, any final order approving the Fee and Expense Award and Service Awards, and for any other necessary purpose; and (i) enter a judgment that dismisses the Action with prejudice, without costs to any Party, except as provided in the Agreement, and subject to the Court's continuing jurisdiction over the Parties and the Settlement Fund for the purpose of enforcement of the terms of the Settlement Agreement.

77.     At the Final Approval Hearing, Settlement Class Representatives and Class Counsel shall make a good faith effort to present sufficient evidence to support the entry of the Final Approval Order, and shall present such evidence as they deem appropriate to support any award of attorneys' fees and costs.  Settlement Class Members who do not object to the Settlement may appear and address the Court at the Final Approval Hearing.

## IV.     SETTLEMENT CONSIDERATION

### A.     Monetary Consideration

78.     Settlement Amount.  In exchange for the releases described below and dismissal of the Action with prejudice, Bank of America agrees to pay the total amount of Twenty-Two Million Dollars and No Cents ($22,000,000.00) (as defined above, the Settlement Amount) to create the Settlement Fund, in full settlement of the Action.  The Parties agree that the Settlement Amount and the Defendants' payment of Twenty-Two Million Dollars and No Cents ($22,000,000.00) is the full extent of Defendants' cash payment obligation under this

Agreement.  In no event shall Defendants be liable for payment of any costs, expenses, or claims beyond their deposit or payment of the Settlement Fund into the Escrow Account (the term "Escrow Account" is defined below).  There will be no reversion to Defendants of the Settlement monies once the Settlement becomes final.

79.     Settlement Amount Deposit, Escrow Account, and Settlement Fund.

(a)     Bank of America shall deposit the Settlement Amount within ten (10) days after the entry of the Preliminary Approval Order into an escrow bank account (the "Escrow Account"), to be created and administered by the Settlement Administrator pursuant to the terms of this Agreement.  The Escrow Account shall be held in a Qualified Settlement Fund (defined below) in interest-bearing bank account deposits with commercial banks (other than Bank of America) with excess capital exceeding One Hundred Million Dollars and No Cents ($100,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC.

(b)     All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class.  Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator.  The Administrator is responsible for the payment of all Taxes.

(c)     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times since the creation of the Escrow Account.  All Taxes shall be paid out of the Escrow Account.  Bank of America, Defense Counsel, Plaintiffs, and Plaintiffs' Counsel shall have no liability or responsibility for any of the Taxes.  The Escrow Account shall indemnify and hold Bank of America, Defense Counsel, Plaintiffs, and Plaintiffs' Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

(d)     For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund.  The Settlement Administrator shall timely and properly file all informational

and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(e)     The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defense Counsel or by order of the Court.

(f)     All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement or further order of the Court.

80.     Refund Upon Termination.  In the event that the Settlement is not approved, or is terminated, canceled, or fails to become effective for any reason, the remaining Settlement Fund (including accrued interest), less (i) any Administration Expenses incurred, and (ii) any amounts and Taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be refunded to Bank of America.

81.     Defendants' Internal Costs.  Defendants agree to and shall pay any internal costs and expenses incurred by them in carrying out the terms of the Settlement, including preparing the Settlement Class Member List, calculating any amounts required under this Agreement, distribution of any portion of the Settlement Fund, and fulfilling any of Bank of America's obligations herein.

## V.    DISTRIBUTION OF THE SETTLEMENT FUND.

**A.    Distribution Plan**

82.    Subject to the terms and conditions of this Agreement, the Settlement Fund shall be used for the payment of: (a) the Administration Expenses; (b) the Settlement Shares to Settlement Class Members; (c) the distribution of the Residual Funds (the term "Residual Funds" is defined below), if any, pursuant to this Agreement; (d) any Service Awards to the Plaintiffs as approved by the Court; (e) any Fee and Expense Award as approved by the Court; and (f) any Taxes.  The Parties must approve any payment of costs or expenses under subsection (a) of this paragraph, and such approval shall not be unreasonably withheld.

83.    All Settlement Class Members are eligible for relief from the Settlement Fund. The Settlement Fund Balance shall be allocated as Settlement Shares to each Settlement Class Member in accordance with Paragraph 85 herein. Each Settlement Class Member who paid at least one Uber Overdraft Fee shall be entitled to receive a Settlement Share.

84.    Distribution Prior to the Effective Date:  The Settlement Administrator may apply to Defense Counsel and Class Counsel for the payment from the Settlement Fund of Administration Expenses incurred to date and any Taxes due and Class Counsel and Defense Counsel shall not unreasonably withhold consent for such payment.

85.    Upon the Effective Date, the Settlement Administrator will calculate each Settlement Class Member's Settlement Share as follows:

(a)    *First*, the Settlement Administrator will determine the total amount of Administration Expenses ("Total Administration Expenses") to be deducted from the Settlement Fund by calculating the sum of the following: (i) the Administration Expenses incurred by the Settlement Administrator as of the Effective Date; and (ii) all Administration Expenses to be incurred by the Settlement Administrator related to this Settlement.

(b)    *Second*, the Settlement Administrator shall calculate the amount of the Settlement Fund Balance by subtracting from the Settlement Fund the sum of the following

amounts: (i) Total Administration Expenses, (ii) any Service Awards, (iii) any Fee and Expense Award, and (iv) any Taxes.

(c) *Third,* the Settlement Fund Balance will be divided by the total number of all Uber Overdraft Fees paid by Settlement Class Members, to yield a "Per Uber Overdraft Fee Amount." Each Settlement Class Member's Settlement Share shall equal the "Per Uber Overdraft Fee Amount" multiplied by the number of Uber Overdraft Fee(s) paid by that Settlement Class Member.[2]

86. Distribution After the Effective Date:

(a) Within five (5) business days after the Effective Date, any Service Awards and Fee and Expense Award shall be paid by the Settlement Administrator, out of the Escrow Account, to Class Counsel.

(b) Within (10) ten business days after the Effective Date, Bank of America will identify to the Settlement Administrator the identity of all Settlement Class Members with Open Consumer Deposit Accounts as of the Effective Date.

(c) Settlement Class Members with Open Consumer Deposit Accounts. Within twenty-five (25) days after the Effective Date, the Settlement Administrator will wire to Bank of America, from the Escrow Account, an amount equal to the aggregate Settlement Shares of all Settlement Class Members with Open Consumer Deposit Accounts. Bank of America shall then directly deposit the applicable Settlement Shares into such Settlement Class Members' Consumer Deposit Account, within sixty (60) days of the Effective Date. If any of the Settlement Class Members, who were identified by Defendants pursuant to Paragraph 86(b),

---

[2] For example, and for illustrative purposes only, in the event the (i) interest accrued on the Settlement Fund less Taxes is $0.00, (ii) the Total Administration Expenses equals $450,000, (iii) the total Service Awards equals $7,500, (iv) the total Fee and Expense Award equals $5,600,000, and (v) the total number of Uber Overdraft Fees paid by all Settlement Class Members is 774,984, the Per Uber Overdraft Fee Amount will equal to $20.57 [calculated as follows: (22,000,000-(450,000+7,500+5,600,000)) / 774,984]. Thus, under this example, a Settlement Class Member who was charged 1 Uber Overdraft Fee will have a Settlement Share that equals $20.57, and a Settlement Class Member who was charged 2 Uber Overdraft Fees will have a Settlement Share of $41.14, *etc.*

close their respective Consumer Deposit Accounts before Bank of America can deposit their Settlement Share, then within seventy (70) days after the Effective Date, Bank of America shall deposit those Settlement Shares back into the Settlement Fund, and those Settlement Class Members shall be paid by check from the Settlement Administrator in accordance with Paragraph 87 below.  The checks shall have the same expiration date as the checks sent to Settlement Class Members with closed accounts, as outlined in Paragraph 87 below.

87.     Settlement Class Members with Closed Consumer Deposit Accounts.  For Settlement Class Members with Closed Consumer Deposit Accounts, the Settlement Administrator shall mail each such Settlement Class Member a check in the amount of each applicable Settlement Share within sixty (60) days of the Effective Date.  The checks shall indicate that they expire one hundred and eighty (180) days after the date on which the check is issued.

88.     Deceased Settlement Class Members.  Deceased Settlement Class Members' Settlement Shares shall be paid by check made out to the estate of the deceased Settlement Class Member, provided that, prior to the Effective Date, the Settlement Class Member's estate informs the Settlement Administrator of the Settlement Class Member's death and provides a death certificate confirming that the Settlement Class Member is deceased.

89.     Redistribution of Uncashed Settlement Checks.  Within fifteen (15) days after the Settlement checks expire (one hundred and ninety-five (195) days from the date that the Settlement Administrator issues the Settlement checks to Settlement Class Members), the Settlement Administrator shall redistribute any funds remaining as a result of Uncashed Settlement Checks (less the cost of redistribution) in equal amounts to Settlement Class Members whose Settlement checks were cashed and Settlement Class Members whose Settlement payments were directly deposited into their deposit accounts ("Eligible Settlement Class Members"), by mailing checks to those Settlement Class Members.  The Settlement Administrator will continue to redistribute funds from Uncashed Settlement Checks until the amount of the redistribution due to each Settlement Class Member falls below Five Dollars

($5.00).

90.     The Settlement Administrator shall utilize current U.S.P.S. Software and/or the NCOA database searches to update the Settlement Class Members' address records prior to the mailing of any check.  In the event a check is returned to the Settlement Administrator by the U.S.P.S. because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the check as soon as possible thereafter.

91.     *Cy Pres* Recipient.  In the event that the amount of any redistribution per Paragraph 89 above would total less than Five Dollars ($5.00) per Eligible Settlement Class Member, then the remainder of the Settlement Fund (less costs of settlement administration) will be paid to the following 26 U.S.C. § 501(c)(3) non-profit organization:  the Center for Responsible Lending.

92.     Tax Obligations.  The Parties shall have no responsibility or liability for any federal, state, or other taxes owed by Settlement Class Members as a result of, or that arise from, any Settlement payments to Settlement Class Members or any other term or condition of this Agreement.

**B.      Attorneys' Fees and Service Awards**

93.     Service Awards.  In recognition of the time and effort the representative Plaintiffs expended in pursuing this action and in fulfilling their obligations and responsibilities as Settlement Class Representatives, and of the benefits conferred on all Settlement Class Members by the Settlement, Class Counsel may ask the Court for the payment of a Service Award from the Settlement Fund to each of the representative Plaintiffs.  On or before twenty-one (21) days prior to the Opt-Out and Objection Deadline, Class Counsel may apply to the Court for a Service Award to each Settlement Class Representative of no more than Two Thousand Five Hundred

Dollars and No Cents ($2,500.00).  Defendants shall not oppose or appeal such application that does not exceed Two Thousand Five Hundred Dollars and No Cents ($2,500.00) per Settlement Class Representative.  Any Service Awards shall be paid from the Settlement Fund and out of the Escrow Account by the Settlement Administrator within three (3) business days after the Effective Date.

94.     Fee and Expense Award.  On or before twenty-one (21) days prior to the Opt-Out and Objection Deadline, Class Counsel shall be entitled to apply to the Court for an award from the Settlement Fund, not to exceed twenty-five percent (25%) of the Settlement Amount, to reimburse Plaintiffs' Counsel for attorneys' fees incurred in researching, preparing for, prosecuting and litigating this Action, and in addition, Class Counsel may also apply for reimbursement for reasonable costs and expenses incurred in the Action.  Defendants agree not to oppose the application if it does not exceed twenty-five percent (25%) of the Settlement Amount plus reimbursement for reasonable costs and expenses incurred by Plaintiffs' Counsel in the Action.  Any Fee and Expense Award shall be paid from the Settlement Fund and out of the Escrow Account by the Settlement Administrator within five (5) business days after the Effective Date.

95.     Class Counsel and Plaintiffs' Counsel expressly disclaim any and all right to collect attorneys' fees and costs in excess of the amount awarded by the Court from any person or entity, and agree, upon demand, to execute a release of any person's or entity's obligation to pay such sums.  Class Counsel is responsible for distributing any award of attorneys' fees and costs amongst Plaintiffs' Counsel.  Bank of America shall not be liable for any claims ensuing from the distribution of attorneys' fees and costs.

96.     Bank of America shall have no obligation to pay any attorneys' fees or costs to Plaintiffs' Counsel, or any service award to the Settlement Class Representatives, except as part of the Settlement Amount.

97.     The Parties intend and do hereby demarcate clearly between the proceeds from the Settlement in which Settlement Class Members have an interest, which may be subject to tax

liability, and the Fee and Expense Award.  Accordingly, the amount paid separately to Class

Counsel for the Fee and Expense Award is independent of and apart from the amount paid to

Settlement Class Members, and Settlement Class Members shall at no time have any interest in

the Fee and Expense Award.  The Parties make no representation regarding and shall have no

responsibility for the tax treatment of the Fee and Expense Award, or any other payment paid to

Plaintiffs' Counsel or the tax treatment of any amounts paid under this Agreement.

98.     Class Counsel shall have the sole and absolute discretion to allocate the

Attorneys' Fees and Expenses amongst Plaintiffs' Counsel and any other attorneys for Plaintiffs.

Defendants shall have no liability or other responsibility for allocation of any such Attorneys'

Fees and Expenses awarded, and, in the event that any dispute arises relating to the allocation of

fees, Class Counsel agree to hold Defendants harmless from any and all such liabilities, costs,

and expenses of such dispute.

99.     The Parties negotiated the attorneys' fees and expenses to be sought by Class

Counsel only after reaching an agreement upon the relief provided to the Settlement Class.

100.     The Settlement is not conditioned upon the Court's approval of the fees or costs

sought by Class Counsel and/or Plaintiffs' Counsel or the service awards sought by Plaintiffs.

Any appellate proceedings relating solely to the award of attorneys' fees and costs and/or the

service awards shall not delay the effectuation of the Releases contained herein.

## VI.     RELEASES

**A.     Plaintiffs and the Settlement Class Members provide the following releases:**

101.     Upon Final Approval, and in consideration of the promises and covenants set

forth in this Settlement Agreement, Settlement Class Representatives and each Settlement Class

Member, and each of their respective spouses, children, executors, representatives, guardians,

wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys,

agents and assigns, and all those who claim through them or who assert claims (or could assert

claims) on their behalf, will be deemed to have completely released and forever discharged Bank

of America Corporation, Bank of America, N.A., Uber Technologies Inc., and each of their

parents, subsidiaries, affiliates, officers, directors, employees, attorneys, shareholders, agents, assigns, and third party suppliers and vendors (collectively, the "Released Parties"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including without limitation those known or unknown, from the beginning of the world until today, that arises out of common law, state law, or federal law, whether by Constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated (collectively, "Claims"), as of the Preliminary Approval Order that: (a) were or could have been asserted in the Complaint; (b) arise out of, relate to, or are in connection with the assessment of overdraft fees on one-time, non-recurring Uber transactions or (c) arise out of, relate to, or are in connection with the administration of the Settlement (the "Released Claims"). Notwithstanding any language herein, the Released Claims do not include any Claims that arise out of the assessment of an overdraft fee by Defendants on any transaction other than a non-recurring Uber transaction.

102.    Without limiting the foregoing, the Released Claims specifically extend to claims that arise out of, relate to, or are in connection with the assessment of overdraft fees on one-time, non-recurring Uber transactions that the Settlement Class Representatives and the Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases therein, becomes effective.  This paragraph constitutes a waiver by the Settlement Class Representatives, and shall be deemed to be a waiver by all Settlement Class Members, of California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.  California Civil Code Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

103.     Settlement Class Representatives understand and acknowledge, and all Settlement Class Members shall be deemed to understand and acknowledge, the significance of the waiver of California Civil Code Section 1542 and any other applicable law relating to the limitations on releases.  In connection with such waiver and relinquishment, Settlement Class Representatives acknowledge, on behalf of themselves and all Settlement Class Members, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, and finally, and forever, all Released Claims, and in furtherance of such intention, the release of the Released Claims provided to the Released Parties will be and remain in effect notwithstanding the discovery or existence of any additional or different facts. This is true whether such claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

104.     Settlement Class Representatives and the Settlement Class Members covenant not to sue, institute, cause to be instituted, permit to be instituted on their behalf, or assist in instituting or prosecuting any proceeding, or otherwise assert any Released Claims against any Released Parties.

**B.     Judgment**

105.     If the Settlement Agreement is finally approved, the Parties agree that Plaintiffs will cause the Court to enter a judgment dismissing the claims in the Action, with all parties to bear costs not otherwise awarded, and as set forth in the Final Approval Order.

## VII.     REPRESENTATIONS AND WARRANTIES

106.     Plaintiffs' Counsel.  Plaintiffs and Plaintiffs' Counsel represent and warrant that all persons (natural or legal) that have worked on behalf of the Plaintiffs in connection with the

Action, including independent contractors, of-counsel and consulting attorneys, shall be compensated solely from the Fee and Expense Award for the work they performed in this Action.  Plaintiffs and Plaintiffs' Counsel warrant that any Fee Application they file shall include within its scope all law firms who they, in good faith, believe to have a financial interest in any such award.  Class Counsel shall have the sole and absolute discretion to allocate the Fee and Expenses Award amongst Plaintiffs' Counsel and any other attorneys acting on behalf of Plaintiffs.  Defendants shall have no liability or other responsibility for allocation of any Fee and Expense Award, and, in the event that any dispute arises relating to the allocation of fees and/or expenses, Class Counsel agree to indemnify and hold Defendants harmless from any and all such liabilities, costs, and expenses of such dispute.

107.    Class Counsel shall take all necessary actions to accomplish approval of the Settlement, the Class Notice, and dismissal of the Action. The Parties (including their counsel, successors, and assigns) agree to cooperate fully and in good faith with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of this Agreement and the Settlement embodied herein, carrying out the terms of this Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.  In the event that the Court fails to approve the Settlement or fails to issue the Final Approval Order, the Parties agree to use all reasonable efforts, consistent with this Agreement and subject to Paragraphs 115 through 121, to cure any defect identified by the Court.

108.    Each Party will cooperate with the other Party in connection with effectuating the Settlement or the administration of claims thereunder.  Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting Party to recommend the Settlement to the Court, and to carry out its terms.

109.    Settlement Class Member List and Settlement Class Member Information.  Bank of America represents that it will conduct a reasonable and good faith search of its business records to identify Settlement Class Members and prepare the Settlement Class Member List.

110.     Parties Authorized to Enter into Settlement Agreement. Any individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is fully authorized to execute this Settlement Agreement on such Party's behalf and to carry out the obligations provided for therein.  Each individual executing this Agreement on behalf of a Party covenants, warrants, and represents that he or she is and has been fully authorized to do so by such Party.  Each Party represents and warrants that he, she, or it intends to be bound fully by the terms of this Settlement Agreement.

111.     Breach of Representations and Warranties.  If any person, legal or natural, breaches the terms of any of the representations and warranties in this section, he, she, or it shall be fully liable for all damages (subject to the applicable law) he, she, or it causes to any adversely affected Party.  Any adversely affected Party may institute a proceeding before the Court to recover all reasonable sums due and owing under this paragraph, and to seek additional equitable relief as the Court deems proper and just, and the Court shall retain jurisdiction over this matter to entertain such proceedings.

112.     Advice of Counsel.  Each Party to this Settlement Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Settlement Agreement.

113.     Agreement Review.  This Settlement Agreement has been carefully read by each of the Parties, or the responsible officers thereof, and its contents are known and understood by each of the Parties.  This Settlement Agreement is signed freely by each Party executing it based on the legal advice of their respective attorneys.

114.     No Assignment, Transfer, Grant.  No Party to this Settlement Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Settlement Agreement.

### VIII.   MODIFICATION OR TERMINATION OF THE SETTLEMENT

115.    The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Final Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

116.    Notwithstanding any other provision of this Agreement, if more than one percent (1%) of the Settlement Class opts out of the Settlement, Defendants, in their sole discretion, may rescind and revoke the entire Settlement and this Agreement, thereby rendering the Settlement null and void in its entirety (with the exception of Paragraphs 80, 119, 121, and 122 herein), by sending written notice that Defendants revoke the settlement pursuant to this paragraph to Class Counsel within ten (10) business days following the date the Settlement Administrator informs the Defendants of the number of persons in the Settlement Class who have requested to opt out of the Settlement pursuant to the provisions set forth above.

117.    Terms and Intent of Agreement.  This Agreement is entered into only for purposes of settlement.  In the event that the Court enters an order preliminarily or finally approving the Settlement of the Action in a manner that is inconsistent with the terms and intent of this Agreement, the Parties shall meet and confer in good faith regarding any modifications made to the proposed order.  If, after meeting and conferring in good faith, Bank of America determines that the modifications materially alter the terms and intent of this Agreement, including but not limited to, because the modifications may increase Bank of America's liability or reduce the scope of the releases or of the Settlement Class, or if the Court refuses to grant Final Approval of this Agreement or the Effective Date does not come to pass, then Bank of America shall have the option to terminate this Agreement.  Each Party reserves the right to prosecute or defend this Action in the event that this Agreement does not become final and

binding.

118.    In the event the terms or conditions of this Agreement, other than terms pertaining to the Fee and Expense Award and/or Service Awards, are materially modified by any court, either Party in its sole discretion to be exercised within ten (10) business days after such a material modification may declare this Agreement null and void (with the exception of Paragraphs 80, 119, 121, and 122 herein).

119.    In the event that a party exercises his/her/its option to withdraw from, rescind, revoke, and/or terminate this Agreement pursuant to any provision herein, then the Settlement proposed herein shall become null and void (with the exception of Paragraphs 80, this Paragraph, and Paragraphs 121 and 122 herein) and shall have no legal effect and may never be mentioned at trial or in dispositive or class motions or motion papers (except as necessary to explain the timing of the procedural history of the Action), and the Parties will return to their respective positions existing immediately before the execution of this Agreement.

120.    Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court, or terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Settlement Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any Administration Expenses, Taxes, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs and Defendants' future payment obligations shall cease.

121.    Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court, or terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, then Defendants shall have no further obligations to pay the Settlement Fund and shall be responsible for only the Administration Expenses and Taxes actually incurred, which will be paid out of the Escrow Account, and for which Plaintiffs and their Counsel are not liable.

## IX.    MISCELLANEOUS PROVISIONS

122.    Settlement Conditioned Upon Approval.  In addition to the provisions hereof, this Settlement Agreement shall be subject to the ordinary and customary judicial approval procedures under Fed. R. Civ. P. 23.  If the Settlement is not finally approved, certification of the Settlement Class will be void, no doctrine of waiver, estoppel, or preclusion shall be asserted in any litigated class certification proceedings in the Action or any other action relating to the subject matter of this Settlement, and this Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Bank of America for the matters alleged in the Action or for any other purpose.  In the event that the Settlement is not approved as presented, or Bank of America terminates the Settlement as permitted herein, the Parties agree that neither the terms of this Agreement, the definition of the Settlement Class herein, the Parties' settlement negotiations, nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders, or public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, Bank of America's termination of the Settlement, any failure of the Court to approve the Settlement, or any objections or interventions may be used as evidence for any purpose whatsoever.

123.    No Admissions.  Bank of America expressly disclaims and denies any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by Bank of America of any liability or wrongdoing by Bank of America or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the assessment of overdraft fees or that the case was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to Bank of America's assessment of overdraft fees.  Bank of America may file this Agreement in any action or proceeding that may be brought against it in order to

36

support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

124.    Stay and Bar of Other Proceedings.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no Settlement Class Member, either directly, on a representative basis, or in any other capacity, will commence or prosecute any action or proceeding against any of the Released Parties asserting any of the Released Claims, pending final approval of the Settlement.

125.    Fairness.  The Parties believe that this Agreement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

126.    Confidentiality.

(a)    It is agreed that until the filing of the Preliminary Approval Motion, the Settlement Agreement and its terms and Settlement Class Member List shall be confidential and shall not be disclosed to any person unless required by applicable disclosure laws, required to be disclosed to auditors or attorneys, or agreed to by the Parties.

(b)    All agreements made and orders entered during the course of the litigation of the Action relating to the confidentiality of information shall survive this Agreement.

(c)    Pursuant to the Stipulated Protective Order entered in the Action, within sixty (60) days after the Effective Date, any person in possession of Confidential or Highly Confidential Discovery Material (as defined in the Stipulated Protective Order) "must either return such materials and copies thereof to the Disclosing Party or destroy such materials and certify that fact."  Counsel for each Party may, however, maintain in its files copies of all pleadings, motion papers, legal memoranda, correspondence, attorney work product, and consultation and expert work product even if such materials contain Confidential or Highly Confidential Discovery Material.

127.    Publicity.  The Parties shall not issue press releases or similar public statements regarding this Settlement, except that Plaintiffs' Counsel may make public statements regarding the Settlement on any resume, future pleadings relating to Plaintiffs' Counsel's experience and results, and Plaintiffs' Counsel's websites, for any purpose.  Nothing herein shall bar or otherwise limit Plaintiffs' Counsel's communications with the Plaintiffs, any Settlement Class Member, or any individual requesting information about the Settlement.

128.    Notices.  Any notice sent in connection with this Agreement shall be transmitted by U.S Mail or Federal Express or an equivalent overnight delivery service as follows:

    To Plaintiff and Class Counsel:

    Robert Ahdoot
    Tina Wolfson
    AHDOOT & WOLFSON, PC
    10728 Lindbrook Drive
    Los Angeles, CA 90024

    To Defendants and Defendants' Counsel:

    David L. Permut
    GOODWIN PROCTER LLP
    901 New York Avenue, NW
    Washington, DC  20001

129.    Time Periods.  The time periods and dates described in this Settlement Agreement with respect to the giving of Class Notice and hearings will be subject to Court approval and modification by the Court with the consent of the Parties.

130.    Governing Law.  The Settlement Agreement is governed by the laws of the State of New York without reference to choice of law principles.

131.    No Construction Against Drafter.  The Settlement Agreement was, and is deemed to have been, drafted by all Parties, and any rule that a document shall be interpreted against the drafter will not apply to this Settlement Agreement.

132.    Agreement Binding on Successors in Interest.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors, and assigns of the Parties.

133.    Execution.  The Parties and their counsel may execute this Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.  This Agreement may be executed with electronic, digital or facsimile signatures.  The date of execution shall be the latest date on which any Party signs this Agreement.

134.    Entire Agreement.  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Settlement Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

135.    Exhibits.  Each and every exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein.

136.    Headings.  The headings in this Agreement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

137.    No Waiver.  The provisions of this Agreement may be waived only in a writing executed by the waiving Party.  The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Settlement Agreement.

138.    No Third-Party Beneficiaries.  This Settlement Agreement shall not inure to the benefit of any third party.

139.    Error Limitations.  The obligations of Bank of America with respect to Paragraph 86 of this Agreement relating to the deposit of moneys in Settlement Class Members' Consumer Deposit Accounts shall be performed reasonably and in good faith, subject to the further provision that the terms of the Settlement and any Court orders shall control.  So long as Bank of America abides by the terms of the Settlement, Bank of America shall not be liable for

erroneous, improper, or inaccurate actions, omissions, crediting or payment, and the releases and any judgment shall be effective as of Final Approval as to every Settlement Class Member notwithstanding any error or dispute and regardless of whether such error or dispute is corrected or addressed only thereafter.  Bank of America shall employ its best efforts to cure any erroneous, improper or inaccurate actions, omissions, crediting, or payment within a reasonable time after notice of same.

140.    No Alteration of Accounts or Release of Debt.  Under no circumstances shall the Settlement Agreement be deemed to alter, amend, or change the terms and conditions of any credit card, debit card, consumer account, or debt as to which any Settlement Class Member is or was a party, or to provide a defense to any such debtor relationship.  Settlement Class Representatives and Settlement Class Members expressly covenant and agree, as a material inducement to Defendants, and recognizing the practical difficulties faced by Defendants in ongoing or future matters, that each of them waive and forever relinquish any claim to have Defendants or the Released Parties amend, alter or revise rights, demands, suits, or other claims made (or to be made) in order to reflect the Settlement Fund provided or to be provided or to reflect the other terms of this Agreement and the Settlement.

141.    Retention of Jurisdiction.  Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Settlement Agreement.  The Court has jurisdiction over the Parties to this Agreement, and the Settlement Class.  Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the Court in which this Action is pending

142.    Severability.  The provisions of this Agreement, except for the provisions in Paragraphs 78 to 81 and 101 to 104, are severable insofar as the partial or complete invalidity, illegality or legal ineffectiveness of any term in the Agreement shall not affect the validity, legality, or legal effectiveness of the remainder of such term or of any other terms therein.

143.    Deadlines.  If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day.  All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified.  The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed:

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**SETTLEMENT CLASS
REPRESENTATIVES:**

NICOLETTA PANTELYAT

_Nicoletta Pantelyat (Jan 16, 2018)_

_____

Nicoletta Pantelyat

Date: January 16 , 2018

MICHAEL EDWARDS

_____

Michael Edwards

Date: January ___, 2018

ISABELLE SCHERER

_____

Isabelle Scherer

Date: January ___, 2018

**CLASS COUNSEL**:

AHDOOT & WOLFSON, PC

_____

Robert Ahdoot

Date: January ___, 2018

*ATTORNEYS FOR PLAINTIFFS*

**PLAINTIFFS' COUNSEL**

WHITFIELD, BRYSON & MASON, LLP

_____

Daniel K. Bryson

Date: January ___, 2018

ZIMMERMAN REED, LLP

_____

Christopher P. Ridout

Date: January ___, 2018

*ATTORNEYS FOR PLAINTIFFS*

**SETTLEMENT CLASS
REPRESENTATIVES:**

NICOLETTA PANTELYAT

_____
Nicoletta Pantelyat

Date: January ___, 2018

MICHAEL EDWARDS

*Michael Edwards*
Michael edwards (Jan 12, 2018)
_____
Michael Edwards

Date: January $\underline{12}$, 2018

ISABELLE SCHERER

_____
Isabelle Scherer

Date: January ___, 2018

**CLASS COUNSEL**:

AHDOOT & WOLFSON, PC

_____
Robert Ahdoot

Date: January ___, 2018

*ATTORNEYS FOR PLAINTIFFS*

**PLAINTIFFS' COUNSEL**

WHITFIELD, BRYSON & MASON, LLP

_____
Daniel K. Bryson

Date: January ___, 2018

ZIMMERMAN REED, LLP

_____
Christopher P. Ridout

Date: January ___, 2018

*ATTORNEYS FOR PLAINTIFFS*

**SETTLEMENT CLASS
REPRESENTATIVES:**

**CLASS COUNSEL**:

NICOLETTA PANTELYAT

AHDOOT & WOLFSON, PC

_____

_____

Nicoletta Pantelyat

Robert Ahdoot

Date: January __, 2018

Date: January __, 2018

MICHAEL EDWARDS

*ATTORNEYS FOR PLAINTIFFS*

**PLAINTIFFS' COUNSEL**

_____

Michael Edwards

WHITFIELD, BRYSON & MASON, LLP

Date: January __, 2018

_____

Daniel K. Bryson

ISABELLE SCHERER

Date: January __, 2018

*Isabelle Scherer (Jan 12, 2018)*

_____

Isabelle Scherer

ZIMMERMAN REED, LLP

Date: January $\underline{12}$, 2018

_____

Christopher P. Ridout

Date: January __, 2018

*ATTORNEYS FOR PLAINTIFFS*

**SETTLEMENT CLASS**
**REPRESENTATIVES:**

NICOLETTA PANTELYAT

_____

Nicoletta Pantelyat

Date: January ___, 2018

MICHAEL EDWARDS

_____

Michael Edwards

Date: January ___, 2018

ISABELLE SCHERER

_____

Isabelle Scherer

Date: January ___, 2018

**CLASS COUNSEL**:

AHDOOT & WOLFSON, PC

_____

Robert Ahdoot

Date: January _13_, 2018

*ATTORNEYS FOR PLAINTIFFS*

**PLAINTIFFS' COUNSEL**

WHITFIELD, BRYSON & MASON, LLP

_____

Daniel K. Bryson

Date: January ___, 2018

ZIMMERMAN REED, LLP

_____

Christopher P. Ridout

Date: January ___, 2018

*ATTORNEYS FOR PLAINTIFFS*

**SETTLEMENT CLASS**
**REPRESENTATIVES:**

NICOLETTA PANTELYAT

_____
Nicoletta Pantelyat

Date: January __, 2018

MICHAEL EDWARDS

_____
Michael Edwards

Date: January __, 2018

ISABELLE SCHERER

_____
Isabelle Scherer

Date: January __, 2018

**CLASS COUNSEL**:

AHDOOT & WOLFSON, PC

_____
Robert Ahdoot

Date: January __, 2018

_ATTORNEYS FOR PLAINTIFFS_

**PLAINTIFFS' COUNSEL**

WHITFIELD, BRYSON & MASON, LLP

_____
Daniel K. Bryson

Date: January __, 2018

ZIMMERMAN REED, LLP

_____
Christopher P. Ridout

Date: January __, 2018

_ATTORNEYS FOR PLAINTIFFS_

42

**SETTLEMENT CLASS REPRESENTATIVES:**

NICOLETTA PANTELYAT

_____

Nicoletta Pantelyat

Date: January __, 2018

MICHAEL EDWARDS

_____

Michael Edwards

Date: January __, 2018

ISABELLE SCHERER

_____

Isabelle Scherer

Date: January __, 2018

**CLASS COUNSEL**:

AHDOOT & WOLFSON, PC

_____

Robert Ahdoot

Date: January __, 2018

*ATTORNEYS FOR PLAINTIFFS*

**PLAINTIFFS' COUNSEL**

WHITFIELD, BRYSON & MASON, LLP

_____

Daniel K. Bryson

Date: January __, 2018

ZIMMERMAN REED, LLP

_____
Christopher P. Ridout (Jan 12, 2018)

_____

Christopher P. Ridout

Date: January __, 2018

*ATTORNEYS FOR PLAINTIFFS*

42

**DEFENDANTS:**

BANK OF AMERICA, N.A.
BANK OF AMERICA CORPQRATION

By: David C. Tyrie
Title:  Managing Director; Sr. Product
        Management Executive
        CONSUMER & SMALL BUSINESS

Date: January 16, 2018

**DEFENSE COUNSEL**:

GOODWIN PROCTER LLP

David L. Permut

Date: January 16, 2018

*ATTORNEYS FOR DEFENDANTS*

43

# EXHIBIT A

**Settlement Agreement and Release**
*Pantelyat et al. v. Bank of America, et al.*
**Case No. No. 1:16-cv-08964-AJN**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you have or had a personal bank account with Bank of America and you paid overdraft fees on debit card transactions made with Uber between January 1, 2012 and December 31, 2016 that were not classified as one-time (non-recurring) charges, you could receive a payment from a class action settlement.

*A federal court has authorized this Notice.  This is not a solicitation from a lawyer.*
*Please read this Notice carefully and completely.*

**THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.**

- A proposed Settlement has been reached in a class action lawsuit concerning whether certain people may have been charged overdraft fees on debit card transactions made with Uber between January 1, 2012 and December 31, 2016, as a result of a transaction coding error made by Uber and/or Uber's agents.

- If this Notice is addressed to you then Bank of America's records indicate that you may have paid overdraft fees on debit card transactions made with Uber between January 1, 2012 and December 31, 2016 that were not coded as one-time charges.

- If this Notice is addressed to you, then your legal rights will be affected whether you act or do not act.  Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you choose to do nothing, you will remain in the Settlement and will receive a Settlement payment.  However, you will give up your rights to be part of any other lawsuit or legal proceeding about the claims made in this case and released by the Settlement. |
| **EXCLUDE YOURSELF** **DUE DATE: ____ __, 2018** | You can choose to exclude yourself from the Settlement.  If you exclude yourself from the Settlement, you will not be bound by the Release, and you will not receive a Settlement payment.  This is the only option that allows you to be part of any other lawsuit or legal proceeding about the claims made in this case and released by the Settlement.  If you exclude yourself from the Settlement, you will not be able to object to the Settlement. |
| **OBJECT** **DUE DATE: ____ __, 2018** | Write to the Court about why you do not like the Settlement.  You can only object to the Settlement if you have not excluded yourself from the Settlement. |
| **GO TO A HEARING** **ON ____ __, 2018** | Speak in Court about the fairness of the Settlement.  If you submit a written objection to the Court, and you also would like to appear at a Court hearing to speak about why you do not like the Settlement, you may indicate your intention to speak in your written objection, and you may appear at a Court hearing where the Judge will decide whether the Settlement is fair. |

**FOR MORE INFORMATION CALL 1-888-xxx-xxxx or visit www.RideOverdraftSettlement.com**

**BASIC INFORMATION** ................................................................................................ **PAGE 3**
    1.  Why did I get this Notice?
    2.  What is this lawsuit about?
    3.  Why is this a class action?
    4.  Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT** ................................................................ **PAGE 3**
    5.  How do I know if I am part of the Settlement?
    6.  What does the Settlement provide?

**THE SETTLEMENT BENEFITS**....................................................................................... **PAGE 4**
    7.  What can I obtain from the Settlement?
    8.  How and when will I receive a Settlement payment?
    9.  What am I giving up in exchange for a Settlement payment or to stay in the Class?
    10. Who are the Released Parties?
    11. What are the Released Claims?

**THE LAWYERS REPRESENTING YOU** ......................................................................... **PAGE 5**
    12. Do I have a lawyer in this case?
    13. How will the lawyers be paid?

**THE SETTLEMENT CLASS REPRESENTATIVE**............................................................ **PAGE 5**
    14. How will the Settlement Class Representatives be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**...................................................... **PAGE 6**
    15. How do I get out of the Settlement?
    16. If I exclude myself, can I still obtain a Settlement payment?
    17. If I do not exclude myself, can I sue the Defendants for the same thing later?

**OBJECTING TO THE SETTLEMENT** .............................................................................. **PAGE 6**
    18. How do I tell the Court that I do not like the Settlement, the request for an award of
        attorneys' fees and costs to Settlement Class Counsel, and/or the request for service
        awards to the Settlement Class Representatives?
    19. What is the difference between objecting and requesting exclusion?

**THE COURT'S FINAL APPROVAL HEARING** ................................................................ **PAGE 7**
    20. When and where will the Court decide whether to approve the Settlement?
    21. Do I have to come to the Final Approval Hearing?
    22. May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING**.................................................................................................. **PAGE 8**
    23. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.................................................................................. **PAGE 8**
    24. How do I get more information?

**FOR MORE INFORMATION CALL 1-888-xxx-xxxx or visit www.RideOverdraftSettlement.com**

# BASIC INFORMATION

## 1.  Why did I get this Notice?

A federal court authorized the mailing of this Notice to inform you about the proposed Settlement and your rights and options prior to the time when the Court decides whether to grant final approval of the Settlement.  This Notice explains the lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible for those benefits, and how to acquire them.

The case is known as *Pantelyat v. Bank of America, N.A., et al.*, Case No. 1:16-cv-08964-AJN (the "Action").  The Hon. Alison J. Nathan of the United States District Court for the Southern District of New York is overseeing this class action.  The person who filed this lawsuit is called the "Plaintiff" and the entities she sued, Bank of America Corporation and Bank of America, N.A., are called the "Defendants."

## 2.  What is this lawsuit about?

The Plaintiff alleged that people with consumer deposit bank accounts with Bank of America were mistakenly charged overdraft fees on debit card transactions made with Uber.  The Plaintiff claimed that this conduct breached Bank of America's account agreement with customers.  The Defendants deny these and all other claims made in the Action.  By entering into the Settlement, the Defendants are not admitting that they did anything wrong.

## 3.  Why is this a class action?

In a class action, one or more people, called the Settlement Class Representative(s), sue on behalf of all people who have similar claims.  Together all of these people are called a Settlement Class or Settlement Class Members.  One court resolves all of the issues for all Settlement Class Members, except for those persons who exclude themselves from the Settlement Class.  If this Notice is addressed to you, then you are in the Settlement Class.

## 4.  Why is there a Settlement?

The Settlement Class Representatives and the Defendants do not agree about the claims made in this Action.  The Action has not gone to trial and the Court has not decided in favor of either the Settlement Class Representatives or the Defendants.   Instead, the Settlement Class Representatives and the Defendants have agreed to settle the Action.  The Settlement Class Representatives and their lawyers believe the Settlement is in the best interest of all Settlement Class Members because of the risks associated with continued litigation, the prolonged nature of litigation, and the defenses raised by the Defendants.  The Defendants deny that they did anything wrong and believe that their defenses to the claims would succeed, but Defendants nevertheless have agreed to settle this Action to avoid the burden, expense, risk, and uncertainty of continuing the litigation.

# WHO IS INCLUDED IN THE SETTLEMENT

## 5.  How do I know if I am part of the Settlement?

This Notice is addressed to you because Defendants' records indicate that you are in the Settlement Class.  You are included in the Settlement Class if you hold or held a consumer

deposit (bank) account with Bank of America, and were charged (and not refunded) overdraft fees on debit card transactions made with Uber between January 1, 2012 and December 31, 2016 that were coded (or classified) by Uber and/or Uber's agents as recurring transactions.

## 6.  What does the Settlement provide?

The Defendants have agreed to pay a Settlement Amount of twenty-two million dollars and no cents ($22,000,000.00).   The Settlement Amount will be distributed to Settlement Class Members after deducting the cost of settlement administration and taxes, any court-approved attorneys' fees and costs and any service awards made to the Settlement Class Representatives.

# THE SETTLEMENT BENEFITS

## 7.  What can I obtain from the Settlement?

Your share of the Settlement Amount will depend on, among other things: (i) the number of overdraft fees that you paid; (ii) the amount of settlement administration costs, including the costs of notice; (iii) the amount awarded by the Court for attorneys' fees and costs and as service awards to the Settlement Class Representatives; and (iv) the number of persons who exclude themselves from the Class.

Attorneys for the Settlement Class *estimate* that you will receive approximately $20 for each overdraft fee you were charged (and not refunded) as a result of a transaction involving Uber (this estimate is based on the following assumptions: that there will be $450,000 in Settlement Administration Costs, $7,500 in court approved Service Awards, $5,600,000 in court approved attorneys' fees and expenses, and that the Settlement Class Members were collectively charged 774,984 separate overdraft fees as a result of a transaction with Uber).

## 8.  How and when will I receive a Settlement payment?

If the Settlement is approved and becomes effective, you will receive a Settlement payment in one of two ways within 60 days of the date that the Settlement becomes effective.  (1) If the consumer deposit bank account that was assessed the relevant overdraft fee(s) is still open, you will automatically receive a direct deposit to that Bank of America account.  (2) If the account that was assessed the relevant overdraft fee(s) is no longer open, you will automatically receive a check that will be mailed to the same address as this Notice.  If you move before you receive your Settlement payment, please notify the Settlement Administrator in writing (at the address below) of your new address.

## 9.  What am I giving up in exchange for a Settlement payment or to stay in the Class?

If you are in the Settlement Class and you do not exclude yourself, you are choosing to remain in the Class and receive a payment.  If the Settlement is approved and becomes effective, all of the Court's orders will apply to you and legally bind you.  You won't be able to sue, continue to sue, or be part of any other lawsuit against Defendants and the Released Parties about the legal issues released by the Settlement.

The specific rights you are giving up are called Released Claims (*see* Question 11).

## 10.  Who are the Released Parties?

The Released Parties are Bank of America Corporation, Bank of America, N.A., Uber Technologies Inc., and each of their parents, subsidiaries, affiliates, officers, directors, employees, attorneys, shareholders, agents, assigns, and third-party suppliers and vendors.

## 11.  What are the Released Claims?

The Released Claims are any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including without limitation those known or unknown, from the beginning of the world until today, that arises out of common law, state law, or federal law, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the date the Settlement becomes effective that: (a) were or could have been asserted in the Complaint; (b) arise out of, relate to, or are in connection with the assessment of overdraft fees on one-time, non-recurring Uber transactions; or (c) arise out of, relate to, or are in connection with the administration of the Settlement.

The Release included in the Settlement Agreement is attached as an addendum to this Notice. Further detail and information is included in the Settlement Agreement, which is available at www.RideOverdraftSettlement.com.

# THE LAWYERS REPRESENTING YOU

## 12.  Do I have a lawyer in this case?

Yes.  The Court has appointed Tina Wolfson and Robert Ahdoot of the law firm of Ahdoot & Wolfson, PC, as Settlement Class Counsel to represent Settlement Class Members for the purposes of this Settlement.  You may hire your own lawyer at your own cost and expense if you want someone other than Settlement Class Counsel to represent you in this Action.

## 13.  How will the lawyers be paid?

On or before _____, 2018 [*DATE: 3 weeks before the Opt Out and Objection Deadline*], Settlement Class Counsel will file a motion asking the Court to award them attorneys' fees and for reimbursement of costs to be paid out of the $22 million Settlement Amount.  The total amount of attorneys' fees to be sought by the attorneys in this case will not exceed 25% of the $22 million Settlement Amount (*i.e.* $5.50 million).  If awarded, these amounts will be deducted from the Settlement Amount before making payments to Settlement Class Members.  Any amounts awarded by the Court will come out of the Settlement Amount.

# THE SETTLEMENT CLASS REPRESENTATIVES

## 14.  How will the Settlement Class Representatives be paid?

On or before _____, 2018 [*DATE: 3 weeks before the Opt Out and Objection Deadline*], Settlement Class Counsel will file a motion asking the Court to approve a $2,500 service award to each of the three (3) Settlement Class Representatives.  If awarded, this amount will be deducted from the Settlement Amount before making payments to Settlement Class Members. Any amounts awarded by the Court will come out of the Settlement Amount.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 15. How do I get out of the Settlement?

If you are in the Settlement Class and want to keep any right you may have to sue or continue to sue the Defendants or the Released Parties on your own based on the claims raised in this Action or released in this Settlement, then you must take steps to exclude yourself from the Settlement. This is called "opting out" of the Settlement.  If you do not opt out of the Settlement in a timely manner, your claims raised in this Action will be forever barred.

To opt out of the Settlement, you must either (a) complete and submit the on-line form available at www.RideOverdraftSettlement.com or (b) send the Settlement Administrator a notice of intention to opt out that is signed by everyone named on your account.

If you choose to send the Settlement Administrator your notice of intention to opt out, as opposed to submitting the on-line form, the notice must clearly indicate your intent not to participate in the Settlement, for example, by containing the words "opt out," "exclusion," or words to that effect.  The notice also must include your name, address and telephone number.   If there is more than one account holder on your Bank of America consumer deposit account, all account holders must sign the notice for the opt-out to be effective.  You may not opt out any other person (including any group, aggregate, or class) from the Settlement.  Mail your notice to the Settlement Administrator at the address below, postmarked no later than \_\_\_\_\_ \_\_, **2018**:

*Pantelyat v. BOA* Settlement Administrator
P.O. Box 3127
Portland, Oregon 97208-3127

Although you can submit an opt-out online at www.RideOverdraftSettlement.com, you cannot exclude yourself by telephone or by e-mail.

## 16. If I exclude myself, can I still obtain a Settlement payment?

No.  If you exclude yourself, you are telling the Court that you don't want to be part of the Settlement.  You only will receive a Settlement payment if you stay in the Settlement.

## 17. If I do not exclude myself, can I sue the Defendants for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims that this Settlement resolves.  You must exclude yourself from this Action to start or continue with your own lawsuit or to participate in any other lawsuit against Defendants or the Released Parties that involve Released Claims.  If you have a pending lawsuit, speak to your lawyer in that case immediately.

# OBJECTING TO THE SETTLEMENT

## 18. How do I tell the Court that I do not like the Settlement, the request for an award of attorneys' fees and costs to Settlement Class Counsel, and/or the request for service awards to the Settlement Class Representatives?

If you are a Settlement Class Member, you can tell the Court that you do not agree with all or any part of the Settlement, the request for an award of attorneys' fees and costs and/or the request for service awards to the Settlement Class Representatives.  You can provide reasons why you think the Court should not approve the Settlement, the request for attorneys' fees and

costs, and/or the request for service awards.  To object, you must mail a written objection stating your objection and the grounds on which it is based.  Be sure to include: (a) your name, address, telephone number, and signature; (b) a detailed statement containing all of the bases for your objection(s); (c) documents sufficient to prove your membership in the Settlement Class; (d) copies of any documents you wish the Court to consider; and (e) if you are represented by counsel concerning your objection(s), the name of your counsel.  You must mail copies of the objection to **ALL** the addresses listed below, postmarked on or before **__, 2018**:

| Clerk of the Court | Robert Ahdoot | David L. Permut |
|---|---|---|
| United States District Court | Ahdoot & Wolfson, PC | Goodwin Procter LLP |
| Southern District of New York | c/o *Pantelyat v. BOA* Settlement | 901 New York Avenue, NW |
| 40 Foley Square | Administrator | Washington, DC 20001 |
| New York, NY 10007 | P.O. Box 3127 | |
| | Portland, Oregon 97208-3127 | |

### 19.  What is the difference between objecting and requesting exclusion?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class (that is, do not opt out).  If you opt out of the Settlement, you cannot object to the Settlement because it no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

### 20.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **_____, 2018 at ____ _.m.** before The Honorable Alison J. Nathan, United States District Judge for the Southern District of New York, United States Courthouse, 40 Foley Square, Courtroom 2102, New York, NY 10007.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement.  If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.  The Court also may decide how much to award Settlement Class Counsel for attorneys' fees and costs, and whether to make service awards to the Settlement Class Representatives.

### 21.  Do I have to come to the Final Approval Hearing?

No.  Settlement Class Counsel will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time the Court will consider it.

### 22.  May I speak at the Final Approval Hearing?

Yes.  If you wish to, you may attend and speak at the Final Approval Hearing.  If you intend to object, then you must indicate your intention to speak at the Final Approval Hearing in your written objection (see Question 18).  Your objection must state that it is your intention to appear at the Final Approval Hearing, and must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Final Approval Hearing.  If you plan to have your attorney speak for you at the Final Approval Hearing, your objection must also include your

**FOR MORE INFORMATION CALL 1-888-xxx-xxxx or visit www.RideOverdraftSettlement.com**

attorney's name, address, and phone number.  If you do not intend to object and wish to speak at the Final Approval Hearing, you may appear in person at the Final Approval Hearing and speak to the Court.

# IF YOU DO NOTHING

## 23.  What happens if I do nothing at all?

You will receive a Settlement Payment, if you are a Settlement Class Member and do nothing, provided that the Court approves the Settlement and it becomes effective.  You also will give up rights explained in Questions 9, 10, and 11, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the Released Parties about the legal issues in this Action and released by the Settlement.

# GETTING MORE INFORMATION

## 24.  How do I get more information?

This Notice summarizes the proposed Settlement.  Complete details are provided in the Settlement Agreement.  The Settlement Agreement and other related documents are available at [ ] or by calling [ ] or by writing to [Settlement Administrator Address].  Publicly-filed documents also can be obtained by visiting the office of the Clerk of the United States District Court for the Southern District of New York or reviewing the Court's online docket.

If you have questions, you may contact Settlement Class Counsel at:

Robert Ahdoot
c/o *Pantelyat v. BOA* Settlement Administrator
P.O. Box 3127
Portland, Oregon 97208-3127
*info@RideOverdraftSettlement.com*

**Please do not contact the Court regarding this Notice.  The Court cannot answer any questions.**

**ADDENDUM TO THE NOTICE OF CLASS ACTION SETTLEMENT**
*PANTELYAT, ET AL. V. BANK OF AMERICA, ET AL.*, CASE NO. 1:16-CV-08964

      A.        Plaintiffs and the Settlement Class Members provide the following releases:

      1.       Upon Final Approval, and in consideration of the promises and covenants set forth in this Settlement Agreement, Settlement Class Representatives and each Settlement Class Member, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, will be deemed to have completely released and forever discharged Bank of America Corporation, Bank of America, N.A., Uber Technologies Inc., and each of their parents, subsidiaries, affiliates, officers, directors, employees, attorneys, shareholders, agents, assigns, and third party suppliers and vendors (collectively, the "Released Parties"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including without limitation those known or unknown, from the beginning of the world until today, that arises out of common law, state law, or federal law, whether by Constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated (collectively, "Claims"), as of the Preliminary Approval Order that: (a) were or could have been asserted in the Complaint; (b) arise out of, relate to, or are in connection with the assessment of overdraft fees on one-time, non-recurring Uber transactions or (c) arise out of, relate to, or are in connection with the administration of the Settlement (the "Released Claims"). Notwithstanding any language herein, the Released Claims do not include any Claims that arise out of the assessment of an overdraft fee by Defendants on any transaction other than a non-recurring Uber transaction.

      2.       Without limiting the foregoing, the Released Claims specifically extend to claims that arise out of, relate to, or are in connection with the assessment of overdraft fees on one-time, non-recurring Uber transactions that the Settlement Class Representatives and the Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases therein, becomes effective. This paragraph constitutes a waiver by the Settlement Class Representatives, and shall be deemed to be a waiver by all Settlement Class Members, of California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state. California Civil Code Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

      3.       Settlement Class Representatives understand and acknowledge, and all Settlement Class Members shall be deemed to understand and acknowledge, the significance of the waiver of California Civil Code Section 1542 and any other applicable law relating to the limitations on releases. In connection with such waiver and relinquishment, Settlement Class Representatives acknowledge, on behalf of themselves and all Settlement Class Members, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, and finally, and forever, all Released Claims, and in furtherance of such intention, the release of the Released Claims provided to the Released Parties will be and remain in effect notwithstanding the discovery or existence of any additional or different facts. This is true whether such claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

      4.       Settlement Class Representatives and the Settlement Class Members covenant not to sue, institute, cause to be instituted, permit to be instituted on their behalf, or assist in instituting or prosecuting any proceeding, or otherwise assert any Released Claims against any Released Parties.

# EXHIBIT B

**Settlement Agreement and Release**

*Pantelyat et al. v. Bank of America, et al.*

**Case No. No. 1:16-cv-08964-AJN**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICOLETTA PANTELYAT, MICHAEL EDWARDS, and ISABELLE SCHERER individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>　　　　　　　Defendants | Civil Action No. 16-cv-08964-AJN<br><br>**FINAL APPROVAL ORDER** |

**FINAL APPROVAL ORDER**

　　　　　**WHEREAS**, the Parties to the above-described class action (the "Action") entered into a Settlement Agreement dated as of January 12, 2018 (the "Agreement," "Settlement Agreement," or "Settlement"); and

　　　　　**WHEREAS**, on _____, 2018, the Court entered a Preliminary Approval Order, which, *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) appointed Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer as Settlement Class Representatives; (iv) appointed Tina Wolfson and Robert Ahdoot of Ahdoot & Wolfson, PC, as Settlement Class Counsel; (v) approved the form and manner of the Class Notice; and (vi) set a hearing date to consider final approval of the Settlement.

　　　　　**WHEREAS**, Class Notice was provided to all persons identified in the Settlement Class Member List in accordance with the Court's Preliminary Approval Order by individual mailings to all persons in the Settlement Class who could be reasonably identified; and

**WHEREAS**, a notice of Settlement was mailed on _____ to governmental entities as provided for in 28 U.S.C. § 1715; and

**WHEREAS**, on _____, 2018, at _____ _.m., at the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 2102, New York, NY 10007, The Honorable Alison J. Nathan held a hearing to determine whether the Settlement was fair, reasonable, and adequate ("Final Approval Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.     This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

B.     This Order incorporates the definitions in the Settlement Agreement, and all terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

C.     The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice.  The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

D.     The notice to government entities, as given, complied with 28 U.S.C. § 1715.

E.     The Settlement set forth in the Agreement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Settlement Class Representatives and Defendants to adequately evaluate and consider their positions.  In finding the Settlement fair, reasonable, and

adequate, the Court has also considered the number of opt-outs from the Settlement, objections by Settlement Class Members, and the opinion of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled and denied in all respects on their merits.

F.      The distribution plan proposed by the Parties is fair, reasonable, and adequate.

G.      The Settlement Class Representatives have fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

H.      The persons and entities who have timely and validly filed notices of intention to opt out are identified in Exhibit 1 attached hereto ("Excluded Persons").

I.      **NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.      The Settlement set forth in the Settlement Agreement is approved as fair, reasonable, and adequate.  Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

2.      All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.  Excluded Persons identified in Exhibit 1 are no longer parties to this Action and are not bound by the Agreement or the Settlement.

3.      The appointment of Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer as Settlement Class Representatives is affirmed.

4.      The appointment of Tina Wolfson and Robert Ahdoot of Ahdoot & Wolfson, PC, as Settlement Class Counsel is affirmed.

5.      The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members;

(d) the Settlement Class Representatives is an adequate representive for the Settlement Class, and has retained experienced counsel to represent her; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

6.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

7.     The Settlement Class Representatives and each Settlement Class Member, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf will be deemed to have completely released and forever discharged Bank of America Corporation, Bank of America, N.A., Uber Technologies Inc., and each of their parents, subsidiaries, affiliates, officers, directors, employees, attorneys, shareholders, agents, assigns, and third party suppliers and vendors (collectively, the "Released Parties"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including without limitation those known or unknown, from the beginning of the world until today, that arises out of common law, state law, or federal law, whether by Constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated (collectively, "Claims"), as of the Effective Date that: (a) were or could have been asserted in the Amended Class Action Complaint filed in this Action on _____; (b) arise out of, relate to, or are in connection with the assessment of overdraft fees on one-time, non-recurring Uber transactions or (c) arise out of, relate to, or are in connection with the administration of the Settlement (the "Released Claims").  The Settlement Class Representatives, and all Settlement Class Members, are hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

4

8.      The Settlement Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Parties.

9.      The distribution plan as described in the Class Notice to all persons identified in the Settlement Class Member List is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class.  Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this Final Approval Order.

10.     The Court hereby decrees that neither the Settlement Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendants or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice.  This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendants or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

11.     Settlement Class Counsel is awarded attorneys' fees in the amount of \$_____ and costs in the amount of \$_____, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.  Settlement Class Representatives are awarded service awards of \$_____ each, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

12.     The Court hereby retains and reserves jurisdiction over:  (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective

Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

13.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14.     In the event that this "Final Approval Order" does not become "Final", as defined in Paragraph 13 of the Settlement Agreement, then the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated.  In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement.

15.     The Court adjudges that the Settlement Class Representatives and all Settlement Class Members shall be bound by this Final Approval Order.

17.     Upon the entry of this Order, the Settlement Class Representatives and all Settlement Class Members shall be enjoined and barred from asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: _____, 2018.


_____
Alison J. Nathan
United States District Judge

# EXHIBIT C

**<u>Settlement Agreement and Release</u>**
*Pantelyat et al. v. Bank of America, et al.*
**Case No. No. 1:16-cv-08964-AJN**

<u>Exhibit C</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICOLETTA PANTELYAT, MICHAEL EDWARDS, and ISABELLE SCHERER, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>               Defendants | Civil Action No. 16-cv-08964-AJN<br><br>**PRELIMINARY APPROVAL ORDER** |

<u>**PRELIMINARY APPROVAL ORDER**</u>

**WHEREAS**, Plaintiffs in the above-captioned class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, preliminarily approving a Settlement Agreement (the "Agreement," "Settlement Agreement," or "Settlement") entered into by the Parties as of January 12, 2018 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Agreement;

**WHEREAS,** all defined terms used in this Preliminary Approval Order ("Order") have the same meanings as set forth in the Agreement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Agreement and its exhibits,

**IT IS HEREBY ORDERED** that:

1.     The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein.

1

**Exhibit C**

2.      For purposes of the Settlement only, the Court finds and determines that the

Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules

of Civil Procedure, on behalf of a class consisting of:

> all holders of consumer deposit accounts with Bank of America, N.A. in the
> United States who were charged (and not refunded or credited) overdraft fees on
> debit card transactions made with Uber between January 1, 2012 and December
> 31, 2016 that were coded (or classified) by the merchant as recurring transactions.
> Excluded from the Settlement Class are (a) all persons who are employees,
> directors, and officers of Bank of America, N.A. and Bank of America
> Corporation; (b) the Judge presiding over this Action, Court, and (c) the Court
> staff.  The Court means the United States District Court for the Southern District
> of New York, where this Action is pending.

The Court finds that, for purposes of Settlement, this Settlement Class meets the relevant

requirements of Fed. R. Civ. P. 23(a) and (b)(3) in that: (a) the number of Settlement Class

Members is so numerous that joinder is impracticable; (b) there are questions of law and fact

common to the Settlement Class Members; (c) the claims of the Settlement Class

Representatives are typical of the claims of the Settlement Class Members; (d) the Settlement

Class Representatives are adequate representives for the Settlement Class, and have retained

experienced counsel to represent them; (e) the questions of law and fact common to the

Settlement Class Members predominate over any questions affecting any individual Settlement

Class Member; and (f) a class action is superior to the other available methods for the fair and

efficient adjudication of the controversy.

3.      Also for purposes of the Settlement only, the Court finds and determines, pursuant

to Rule 23(a)(1) of the Federal Rules of Civil Procedure, that Nicoletta Pantelyat, Michael

Edwards, and Isabelle Scherer will fairly and adequately represent the interests of the Settlement

Class in enforcing their rights in the Action, and appoints them as Settlement Class

Representatives.

4.      For purposes of the Settlement and pursuant to Rule 23(a)(1) of the Federal Rules

of Civil Procedure, the Court appoints Tina Wolfson and Robert Ahdoot of Ahdoot & Wolfson,

**Exhibit C**

PC, as Settlement Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement.

5.      The firm of Epiq Systems, Inc. is appointed as Settlement Administrator to administer the notice procedure, under the supervision of Settlement Class Counsel.  The Settlement Administrator shall abide by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator.

6.      Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement Agreement (and the Settlement provided for therein) are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion, and (c) within the range of possible final judicial approval, subject to further consideration at the Final Approval Hearing.

7.      Having reviewed the proposed form of Class Notice submitted by the Parties as Exhibit A to the Agreement, the Court approves, as to form and content, such Class Notice.  The Class Notice contains all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed settlement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

8.      The Court directs that the Settlement Administrator cause a copy of the Class Notice to be mailed to all persons identified in the Settlement Class Member List, which Defendants shall provide to the Settlement Administrator no later than fourteen (14) calendar days after the date of the entry of this Order.  The mailing is to be made by first class United States mail, postage prepaid, and is to be completed within thirty-five (35) calendar days after the date of the entry of this Order.  The Court finds and determines that mailing of the Class Notice pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the notices to all persons entitled

**Exhibit C**

to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the
Federal Rules of Civil Procedure, and all other applicable law and rules.

9.      Bank of America shall deposit the Settlement Amount into the Escrow Account
within ten (10) calendar days from the date of the entry of this Order.

10.     Any person falling within the definition of the Settlement Class may, upon
request, be excluded or "opt out" from the Settlement Class.  Any such person who desires to
request exclusion from the Settlement Class must submit, within ninety-five (95) calendar days
after the date of the entry of this Order, a notice of intention to opt out by either (i) signing and
mailing a notice of intention to opt out of the Settlement to the Settlement Administrator (in no
particular format, but which contains the Settlement Class Member's name, address, and
telephone number and the words "opt-out," "exclusion," or words to that effect clearly indicating
an intent not to participate in the settlement); or (ii) complete and electronically submit the opt-
out form available on the Internet website: www. RideOverdraftSettlement.com.  Any notice of
intention to opt out transmitted by mail must be mailed to the Settlement Administrator such that
it is postmarked no later than ninety-five (95) calendar days after the date of the entry of this
Order.  If there is more than one account holder on a consumer deposit account, all account
holders must execute the notice of intention to opt out for the opt-out to be effective.  Any notice
in which a someone purports to opt out any other person (including any group, aggregate, or
putative class involving more than one account) shall not be considered a valid opt-out.
Individuals are not permitted to exclude other individuals, and if there is a group of opt-outs,
each individual must evidence his or her intent by complying with the procedures set forth in this
Order, the Class Notice, and the Settlement Agreement.  Any opt-out submitted on behalf of a
group, aggregate, or putative class shall be deemed valid as to the individual submitting the opt-
ou only, and shall be invalid as to the group, aggregate, or putative class.  All persons and entities
who submit valid and timely notices of intention to opt out as set forth in this Order, the Class
Notice, and the Settlement Agreement shall have no rights under the Settlement, shall not share

**Exhibit C**

in the distribution of the Settlement Amount, and shall not be bound by the Settlement or any final judgment entered in this Action.

11.     A hearing will be held by this Court in the Courtroom of The Honorable Alison J. Nathan, United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 2102, New York, NY 10007 at _____ __.m. on _____, 2018 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as Exhibit B to the Agreement; (c) whether to approve any application of Settlement Class Counsel for an award of attorneys' fees and costs and/or service awards to the Settlement Class Representatives; and (d) any other matters that may properly be brought before the Court in connection with the Settlement.  The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class.  The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Parties must file all moving papers and briefs in support of the entry of the Final Approval Order, as set forth in Paragraphs 76 and 77 of the Settlement Agreement, on or before one hundred and ten (110) days after the date of entry of this Order ("Final Approval Motion Deadline").

12.     Prior to the Final Approval Hearing, but not later than the Final Approval Motion Deadline, (i) Settlement Class Counsel shall cause an affidavit or declaration to be filed with the Court and served on all Parties certifying that the Class Notice has been provided, as directed in Paragraphs 7 and 8 of this Order, (ii)  Defendants shall cause an affidavit and declaration to be filed with the Court and served on all Parties certifying that notice was provided to the appropriate government entities in accordance with CAFA; and (iii) the Settlement Administrator shall file an affidavit and declaration setting forth the identities of all Successful Opt-Outs.

13.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If a Settlement Class Member does not enter an appearance, he or she will be represented by Settlement Class Counsel.

**Exhibit C**

14.     Any Settlement Class Member who wishes to object to the Settlement, to any request for an award of attorneys' fees and costs to Settlement Class Counsel, and/or to any request for service awards to the Settlement Class Representatives, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph and in Pargraph 75 of the Settlement Agreement.  Only a Settlement Class Member may file an objection.  No Settlement Class Member or other person will be heard on such matters unless they have filed a written objection (together with any briefs, papers, statements, or other materials that the Settlement Class Member or other person wishes the Court to consider) with the Clerk of the Court on or before ninety-five (95) calendar days after the date of the entry of this Order ("Objection Deadline"), and mailed (*via* U.S. Mail) all such documents and materials to Class Counsel and Defense Counsel on or before the Objection Deadline, as set forth in the Class Notice.  Any objection must: (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a member of the Settlement Class; (ii) include a detailed statement of such Settlement Class Member's specific objections; (iii) state the grounds for such objections; (iv) identify all documents which the Settlement Class Member asks the Court to consider; and (v) identify, with specificity, each instance in which the Settlement Class Member or his/her counsel has objected to a class action settlement in the past five (5) years, including the caption of each case in which the objector has made such objection, and a copy of any order or opinions related to or ruling upon the objector's prior such objections that were issued by the trial and/or appellate courts in each listed case.  An objecting Settlement Class Member who intends to appear in person at the Final Approval Hearing must file a Notice of Intention to Appear with the Clerk of Court and serve by U.S. Mail the Notice on all Parties.  The Parties must file any briefs in response to any objection on or before seven (7) days prior to the date of the Final Approval Hearing.

**Exhibit C**

15.      Any Settlement Class Member who does not make his or her objections in the manner and by the date set forth in Paragraph 14 of this Order shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

16.      All Settlement Class Members shall be entitled to share in the Settlement Amount consistent with the distribution plan outlined in the Settlement Agreement.

17.      Upon the entry of this Order, the Settlement Class Representatives and all Settlement Class Members shall be provisionally enjoined and barred from asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

18.      Upon the Effective Date, only persons who are Settlement Class Members shall have rights in the distribution of the Settlement Amount, except as provided in the Agreement.

19.      All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the funds are distributed pursuant to the Agreement or further order of the Court.

20.      The Court reserves the right to adjourn or continue the Final Approval Hearing, and any adjournment or continuance may be without further notice of any kind to the Settlement Class, other than oral announcement at the Final Approval Hearing or at any later hearing.

21.      In the event that the Final Approval Order does not become "Final" (as this term is defined in Paragraph 13 of the Settlement Agreement), then the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated.  In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void.  In such event, the Action shall return to its status immediately prior to execution of the Settlement Agreement.

22.      Settlement Class Counsel and counsel for Defendants are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that

7

**Exhibit C**

are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice, and other exhibits that they jointly agree are reasonable or necessary.

Date: _____, 2018.

_____
Alison J. Nathan
United States District Judge