**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**



NICOLETTA PANTELYAT, MICHAEL EDWARDS, and ISABELLE SCHERER, individually and on behalf of all others similarly situated,

                Plaintiffs,

v.

BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,

                Defendants

Civil Action No. 16-cv-08964-AJN

**PRELIMINARY APPROVAL ORDER**

## PRELIMINARY APPROVAL ORDER

**WHEREAS,** Plaintiffs in the above-captioned class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, preliminarily approving a Settlement Agreement (the "Agreement," "Settlement Agreement," or "Settlement") entered into by the Parties as of January 12, 2018 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Agreement;

**WHEREAS,** all defined terms used in this Preliminary Approval Order ("Order") have the same meanings as set forth in the Agreement;

**NOW, THEREFORE,** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Agreement and its exhibits,

**IT IS HEREBY ORDERED** that:

1. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein.

2. For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of:

> all holders of consumer deposit accounts with Bank of America, N.A. in the United States who were charged (and not refunded or credited) overdraft fees on debit card transactions made with Uber between January 1, 2012 and December 31, 2016 that were coded (or classified) by the merchant as recurring transactions. Excluded from the Settlement Class are (a) all persons who are employees, directors, and officers of Bank of America, N.A. and Bank of America Corporation; (b) the Judge presiding over this Action, Court, and (c) the Court staff. The Court means the United States District Court for the Southern District of New York, where this Action is pending.

The Court finds that, for purposes of Settlement, this Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members; (d) the Settlement Class Representatives are adequate representives for the Settlement Class, and have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3. Also for purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, that Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and appoints them as Settlement Class Representatives.

4. For purposes of the Settlement and pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the Court appoints Tina Wolfson and Robert Ahdoot of Ahdoot & Wolfson,

PC, as Settlement Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement.

5.     The firm of Epiq Systems, Inc. is appointed as Settlement Administrator to administer the notice procedure, under the supervision of Settlement Class Counsel. The Settlement Administrator shall abide by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator.

6.     Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement Agreement (and the Settlement provided for therein) are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion, and (c) within the range of possible final judicial approval, subject to further consideration at the Final Approval Hearing.

7.     Having reviewed the proposed form of Class Notice submitted by the Parties as Exhibit A to the Agreement, the Court approves, as to form and content, such Class Notice. The Class Notice contains all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed settlement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

8.     The Court directs that the Settlement Administrator cause a copy of the Class Notice to be mailed to all persons identified in the Settlement Class Member List, which Defendants shall provide to the Settlement Administrator no later than fourteen (14) calendar days after the date of the entry of this Order. The mailing is to be made by first class United States mail, postage prepaid, and is to be completed within thirty-five (35) calendar days after the date of the entry of this Order. The Court finds and determines that mailing of the Class Notice pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the notices to all persons entitled

to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

9. Bank of America shall deposit the Settlement Amount into the Escrow Account within ten (10) calendar days from the date of the entry of this Order.

10. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person who desires to request exclusion from the Settlement Class must submit, within ninety-five (95) calendar days after the date of the entry of this Order, a notice of intention to opt out by either (i) signing and mailing a notice of intention to opt out of the Settlement to the Settlement Administrator (in no particular format, but which contains the Settlement Class Member's name, address, and telephone number and the words "opt-out," "exclusion," or words to that effect clearly indicating an intent not to participate in the settlement); or (ii) complete and electronically submit the opt-out form available on the Internet website: www. RideOverdraftSettlement.com. Any notice of intention to opt out transmitted by mail must be mailed to the Settlement Administrator such that it is postmarked no later than ninety-five (95) calendar days after the date of the entry of this Order. If there is more than one account holder on a consumer deposit account, all account holders must execute the notice of intention to opt out for the opt-out to be effective. Any notice in which a someone purports to opt out any other person (including any group, aggregate, or putative class involving more than one account) shall not be considered a valid opt-out. Individuals are not permitted to exclude other individuals, and if there is a group of opt-outs, each individual must evidence his or her intent by complying with the procedures set forth in this Order, the Class Notice, and the Settlement Agreement. Any opt-out submitted on behalf of a group, aggregate, or putative class shall be deemed valid as to the individual submitting the opt-ou only, and shall be invalid as to the group, aggregate, or putative class. All persons and entities who submit valid and timely notices of intention to opt out as set forth in this Order, the Class Notice, and the Settlement Agreement shall have no rights under the Settlement, shall not share

in the distribution of the Settlement Amount, and shall not be bound by the Settlement or any final judgment entered in this Action.

11. A hearing will be held by this Court in the Courtroom of The Honorable Alison J. Nathan, United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 2102, New York, NY 10007 at __11__ a.m. on __August 8__, 2018 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as Exhibit B to the Agreement; (c) whether to approve any application of Settlement Class Counsel for an award of attorneys' fees and costs and/or service awards to the Settlement Class Representatives; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Parties must file all moving papers and briefs in support of the entry of the Final Approval Order, as set forth in Paragraphs 76 and 77 of the Settlement Agreement, on or before one hundred and ten (110) days after the date of entry of this Order ("Final Approval Motion Deadline").

12. Prior to the Final Approval Hearing, but not later than the Final Approval Motion Deadline, (i) Settlement Class Counsel shall cause an affidavit or declaration to be filed with the Court and served on all Parties certifying that the Class Notice has been provided, as directed in Paragraphs 7 and 8 of this Order, (ii) Defendants shall cause an affidavit and declaration to be filed with the Court and served on all Parties certifying that notice was provided to the appropriate government entities in accordance with CAFA; and (iii) the Settlement Administrator shall file an affidavit and declaration setting forth the identities of all Successful Opt-Outs.

13. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Settlement Class Counsel.

14. Any Settlement Class Member who wishes to object to the Settlement, to any request for an award of attorneys' fees and costs to Settlement Class Counsel, and/or to any request for service awards to the Settlement Class Representatives, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph and in Pargraph 75 of the Settlement Agreement. Only a Settlement Class Member may file an objection. No Settlement Class Member or other person will be heard on such matters unless they have filed a written objection (together with any briefs, papers, statements, or other materials that the Settlement Class Member or other person wishes the Court to consider) with the Clerk of the Court on or before ninety-five (95) calendar days after the date of the entry of this Order ("Objection Deadline"), and mailed (*via* U.S. Mail) all such documents and materials to Class Counsel and Defense Counsel on or before the Objection Deadline, as set forth in the Class Notice. Any objection must: (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a member of the Settlement Class; (ii) include a detailed statement of such Settlement Class Member's specific objections; (iii) state the grounds for such objections; (iv) identify all documents which the Settlement Class Member asks the Court to consider; and (v) identify, with specificity, each instance in which the Settlement Class Member or his/her counsel has objected to a class action settlement in the past five (5) years, including the caption of each case in which the objector has made such objection, and a copy of any order or opinions related to or ruling upon the objector's prior such objections that were issued by the trial and/or appellate courts in each listed case. An objecting Settlement Class Member who intends to appear in person at the Final Approval Hearing must file a Notice of Intention to Appear with the Clerk of Court and serve by U.S. Mail the Notice on all Parties. The Parties must file any briefs in response to any objection on or before seven (7) days prior to the date of the Final Approval Hearing.

15. Any Settlement Class Member who does not make his or her objections in the manner and by the date set forth in Paragraph 14 of this Order shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

16. All Settlement Class Members shall be entitled to share in the Settlement Amount consistent with the distribution plan outlined in the Settlement Agreement.

17. Upon the entry of this Order, the Settlement Class Representatives and all Settlement Class Members shall be provisionally enjoined and barred from asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

18. Upon the Effective Date, only persons who are Settlement Class Members shall have rights in the distribution of the Settlement Amount, except as provided in the Agreement.

19. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the funds are distributed pursuant to the Agreement or further order of the Court.

20. The Court reserves the right to adjourn or continue the Final Approval Hearing, and any adjournment or continuance may be without further notice of any kind to the Settlement Class, other than oral announcement at the Final Approval Hearing or at any later hearing.

21. In the event that the Final Approval Order does not become "Final" (as this term is defined in Paragraph 13 of the Settlement Agreement), then the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void. In such event, the Action shall return to its status immediately prior to execution of the Settlement Agreement.

22. Settlement Class Counsel and counsel for Defendants are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that

are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice, and other exhibits that they jointly agree are reasonable or necessary.

Date: March 19, 2018.

_____
Alison J. Nathan
United States District Judge