# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLETTA PANTELYAT, MICHAEL EDWARDS, and ISABELLE SCHERER, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>          Defendants. | Civil Action No. 1:16-cv-08964-AJN |

## ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Defendants Bank of America, N.A. and Bank of America Corporation (together, "Bank of America") hereby provide their Answer to Plaintiffs Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer's ("Plaintiffs") Amended Class Action Complaint ("FAC"). Bank of America's responses are made without waiving, and expressly reserving, all rights Bank of America has to file dispositive motions or other responses that are addressed to some or all of the allegations and claims asserted in the FAC. Except as specifically admitted herein, Bank of America denies all allegations in the FAC. Bank of America responds to the individually numbered and other paragraphs of the FAC as follows:

The allegations contained in the first unnumbered paragraph are introductory in nature, and therefore require no response. To the extent a response is required, Bank of America admits only that Plaintiffs bring this action as alleged.

## "NATURE OF ACTION"[1]

1.      The allegations contained in Paragraph 1 state conclusions of law and are otherwise introductory in nature, and therefore require no response.  To the extent a response is required, Bank of America admits only that Plaintiffs bring this action as alleged.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 1.

2.      The allegations contained in Paragraph 2 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced agreement speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 2.

3.      The allegations contained in Paragraph 3 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced agreement speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 3.

4.      The allegations contained in Paragraph 4 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced agreement speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 4.

5.      The allegations contained in Paragraph 5 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced agreement speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 5.

---

[1] Bank of America's inclusion of the headings used in the FAC is strictly for ease of reference by the Court and parties.  Bank of America does not admit the truth of any allegation contained within any headings, but instead expressly denies any such allegations.

6.     The allegations contained in Paragraph 6 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America admits only that Plaintiffs bring this action as alleged.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 6.

**"JURISICTION AND VENUE"**

7.     The allegations contained in Paragraph 7 state conclusions of law, and therefore require no response.

8.     The allegations contained in Paragraph 8 state conclusions of law, and therefore require no response.

9.     The allegations contained in Paragraph 9 state conclusions of law, and therefore require no response.

**"PARTIES"**

10.     With respect to the allegations in Paragraph 10, Bank of America admits only that, on information and belief, Plaintiff Nicoletta Pantelyat is a resident of New York and had a checking account with Bank of America, N.A.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 10.

11.     With respect to the allegations in Paragraph 11, Bank of America admits only that, on information and belief, Plaintiff Michael Edwards is a resident of Illinois and had a checking account with Bank of America, N.A.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 11.

12.     With respect to the allegations in Paragraph 12, Bank of America admits only that, on information and belief, Plaintiff Isabelle Scherer is a resident of New Jersey and had a

checking account with Bank of America, N.A.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 12.

13.     With respect to the allegations in Paragraph 13, Bank of America admits that Bank of America, N.A. is a national bank and that the principal place of business of Bank of America, N.A. is located in Charlotte, North Carolina.  Bank of America admits that Bank of America, N.A. provides retail banking services to consumers.  Answering further, Bank of America admits that Plaintiffs had personal checking accounts with Bank of America, N.A. and debit cards issued by Bank of America, N.A.  In addition, Bank of America admits that Bank of America, N.A. operates banking centers in numerous states.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 13.

14.     With respect to the allegations in Paragraph 14, Bank of America admits that Plaintiffs had personal checking accounts with Bank of America, N.A.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 14.

15.     With respect to the allegations in Paragraph 15, Bank of America admits that Bank of America, N.A. issued debit cards to Plaintiffs.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 15.

16.     The allegations contained in Paragraph 16 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced documents speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 16.

17.     The allegations contained in Paragraph 17 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the

referenced documents speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 17.

### A.  "The Mechanics of a Debit Card Transaction"

18.     Paragraph 18 contains no allegations of fact directed to Bank of America, and therefore requires no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 18.

19.     Paragraph 19 contains no allegations of fact directed to Bank of America, and therefore requires no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 19.

20.     Paragraph 20 contains no allegations of fact directed to Bank of America, and therefore requires no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 20.

21.     The allegations in Paragraph 21 are introductory and conclusory in nature, and contain no allegations of fact directed to Bank of America, and therefore require no response.  To the extent a response is required, Bank of America admits only that Plaintiffs purport to bring this action as alleged.  Bank of America denies all other allegations contained in Paragraph 21.

### B.  "In 2010 Bank of America Begins Distinguishing Between 'Non-Recurring' and 'Recurring' Debit Card Transactions"

22.     Bank of America denies the allegations in Paragraph 22.

23.     Bank of America denies the allegations in Paragraph 23 and its footnotes.  Answering further, Bank of America states that the referenced articles speak for themselves and are the best evidence of their contents.

24.     Bank of America denies the allegations in Paragraph 24.

**C. "The Contract Governing Bank of America's Relationship With Its Account Holders Expressly States That Non-Recurring Transactions Are Immune From Overdraft Fees"**

25.     Bank of America denies the allegations in Paragraph 25.  Answering further, Bank of America states that the referenced documents speak for themselves and are the best evidence of their contents.

26.     The allegations contained in Paragraph 26 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced Deposit Agreements speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 26.

27.     The allegations contained in Paragraph 27 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced Deposit Agreement speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 27.

28.     The allegations contained in Paragraph 28 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced Deposit Agreement speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 28.

29.     The allegations contained in Paragraph 29 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced Schedule of Fees speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 29.

30.     The allegations contained in Paragraph 30 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the

referenced documents speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 30.

31.     The allegations contained in Paragraph 31 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced documents speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 31.

32.     The allegations contained in Paragraph 32 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced website speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 32.

33.     The allegations contained in Paragraph 33 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced website speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 33.

34.     The allegations contained in Paragraph 34 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced website speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 34.

35.     The allegations contained in Paragraph 35 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced website speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 35.

**D.  "Bank of America Breaches Its Account Agreement By Imposing Overdraft Fees On Non-Recurring Debit Card Transactions That It Improperly Authorized Into a Negative Balance"**

36.     The allegations contained in Paragraph 36 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced documents speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 36.

37.     The allegations contained in Paragraph 37 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 37.  Answering further, Bank of America denies that it classified the transactions as "recurring," as transactions are not coded "recurring" or "non-recurring" by the issuing bank.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 37.

38.     The allegations contained in Paragraph 38 and its footnote state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced documents speak for themselves and are the best evidence of their contents.  Answering further, Bank of America denies that it classified the transactions as "recurring," as transactions are not coded "recurring" or "non-recurring" by the issuing bank. Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 38.

39.     The allegations contained in Paragraph 39 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced bank statements speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 39.

40.     The allegations contained in Paragraph 40 state conclusions of law, and therefore require no response.   To the extent a response is required, Bank of America denies the allegations contained in Paragraph 40.

### E. "Bank of America Charges Plaintiffs Overdraft Fees for Non-Recurring Debit Card Transactions, In Direct Violation of the Account Agreement"

41.     Bank of America admits only that Bank of America, N.A. authorized two Uber debit transactions made using Plaintiff Pantelyat's checking account on or around March 4, 2016.  Bank of America states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and on that basis denies them.  Answering further, Bank of America states that the referenced bank statements speak for themselves and are the best evidence of their contents.   Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 41.

42.     The allegations contained in Paragraph 42 state conclusions of law, and therefore require no response.   To the extent a response is required, Bank of America denies the allegations contained in Paragraph 42.

43.     The allegations contained in Paragraph 43 state conclusions of law and statements of subjective belief, and therefore require no response.   To the extent a response is required, Bank of America is unable to admit or deny the allegations contained in Paragraph 43 and therefore denies them.

44.     The allegations contained in Paragraph 44 state conclusions of law, and therefore require no response.   To the extent a response is required, Bank of America states that the referenced bank statements speak for themselves and are the best evidence of their contents. Answering further, Bank of America admits that the transactions were coded as "recurring," but denies that it coded the transactions as "recurring," as transactions are not coded "recurring" or

"non-recurring" by the issuing bank.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 44.

45.     The allegations contained in Paragraph 45 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America admits only that Bank of America, N.A. authorized two Uber debit transactions on or around March 4, 2016, after which Plaintiff Pantelyat's checking account had a balance of -$14.23.  Bank of America denies that it coded the transactions as "recurring," as transactions are not coded "recurring" or "non-recurring" by the issuing bank.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 45.

46.     The allegations contained in Paragraph 46 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America admits that Bank of America, N.A. assessed two overdraft fees of $35 on Plaintiff Pantelyat's checking account on or around March 4, 2016.  Answering further, Bank of America states that Bank of America, N.A. subsequently refunded one of the two overdraft fees.  Bank of America denies that it classified the transactions as "recurring," as transactions are not coded "recurring" or "non-recurring" by the issuing bank.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 46.

47.     The allegations contained in Paragraph 47 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America states that the referenced documents speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 47.

48.     The allegations contained in Paragraph 48 state conclusions of law, and therefore require no response.   To the extent a response is required, Bank of America denies the allegations contained in Paragraph 48.

49.     In response to the allegations contained in Paragraph 49, Bank of America admits only that Bank of America, N.A. authorized an Uber debit transaction made using Plaintiff Edwards' checking account on or around May 10, 2016.  Answering further, Bank of America states that the referenced bank statements speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 49.

50.     The allegations contained in Paragraph 50 state conclusions of law, and therefore require no response.   To the extent a response is required, Bank of America denies the allegations contained in Paragraph 50.

51.     The allegations contained in Paragraph 51 state conclusions of law and statements of subjective belief, and therefore require no response.  To the extent a response is required, Bank of America is unable to admit or deny the allegations contained in Paragraph 51 and therefore denies them.

52.     The allegations contained in Paragraph 52 state conclusions of law, and therefore require no response.   To the extent a response is required, Bank of America states that the referenced bank statements speak for themselves and are the best evidence of their contents. Answering further, Bank of America admits that the transaction was coded as "recurring," but denies that it coded the transaction as "recurring," as transactions are not coded "recurring" or "non-recurring" by the issuing bank.   Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 52.

53.     The allegations contained in Paragraph 53 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America admits that Bank of America, N.A. authorized an Uber debit transaction on or around May 10, 2016, after which Plaintiff Edwards' checking account had a balance of -$7.10.  Bank of America admits that Bank of America, N.A. assessed an overdraft fee of $35 on Plaintiff Edwards' checking account on or around May 10, 2016.  Answering further, Bank of America denies that it coded the transaction as "recurring," as transactions are not coded "recurring" or "non-recurring" by the issuing bank. Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 53.

54.     The allegations contained in Paragraph 54 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America admits that Bank of America, N.A. assessed an extended overdraft balance charge of $35 on Plaintiff Edwards' checking account on or around May 10, 2016.  Answering further, Bank of America denies that it classified the transaction as "recurring," as transactions are coded "recurring" or "non-recurring" by the merchant, not the issuing bank.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 54.

55.     The allegations contained in Paragraph 55 state conclusions of law, and therefore require no response.   To the extent a response is required, Bank of America denies the allegations contained in Paragraph 55.

56.     In response to the allegations contained in Paragraph 56, Bank of America admits only that Bank of America, N.A. authorized Uber debit transactions made from Plaintiff Scherer's checking account on or around October 26, 2016, November 23, 2015, and November 25, 2015.  Bank of America states that it lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 56, and on that basis denies them.  Answering further, Bank of America states that the referenced bank statements speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Bank of America denies the allegations contained in Paragraph 56.

57.     The allegations contained in Paragraph 57 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 57.

58.     The allegations contained in Paragraph 58 state conclusions of law and statements of subjective belief, and therefore require no response.  To the extent a response is required, Bank of America is unable to admit or deny the allegations contained in Paragraph 58 and therefore denies them.

59.     The allegations contained in Paragraph 59 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 59.

60.     The allegations contained in Paragraph 60 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 60.  Answering further, whether a transaction is "recurring" depends on the circumstances of each transaction.

61.     The allegations contained in Paragraph 61 state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 61.

62.     Bank of America denies the allegations contained in Paragraph 62.

**"CLASS ALLEGATIONS"**

63.     The allegations in Paragraph 63 are introductory and conclusory in nature, contain no allegations of fact directed to Bank of America, and otherwise state conclusions of law, and therefore require no response.  To the extent a response is required, Bank of America admits only that Plaintiffs purport to bring this action as a class action.  Bank of America denies all other allegations contained in Paragraph 63.

64.     The allegations in Paragraph 64 are introductory and conclusory in nature and contain no allegations of fact directed to Bank of America, and therefore require no response.  To the extent a response is required, Bank of America admits only that Plaintiffs purport to bring this action as a class action.  Bank of America denies the remaining allegations in Paragraph 64.

65.     Paragraph 65 is a reservation of alleged rights to which no response is required. To the extent a response is required, Bank of America denies the allegations contained in Paragraph 65.

66.     The allegations in Paragraph 66 contain no allegations of fact directed to Bank of America, and therefore require no response.  To the extent a response is required, Bank of America admits only that Plaintiffs purport to bring this action as a class action as defined in the FAC.  Bank of America denies all other allegations contained in Paragraph 66.

67.     The allegations in Paragraph 67 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 67.

68.     The allegations in Paragraph 68 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 68.

69.     The allegations in Paragraph 69 and its subparts state conclusions of law to which no response is required.   To the extent a response is required, Bank of America denies the allegations contained in Paragraph 69 and its subparts.

70.     The allegations in Paragraph 70 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 70.

71.     The allegations in Paragraph 71 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 71.

72.     The allegations in Paragraph 72 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 72.

**"FIRST CLAIM FOR RELIEF**
**Breach of Contract**
**(Individually and On Behalf of the Class)"**

73.     Bank of America incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-72.

74.     The allegations in Paragraph 74 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America admits that it entered into contractual relationships with Plaintiffs and that the referenced documents speak for themselves and are the best evidence of their contents.  Except as expressly stated herein, Bank of America denies the allegations contained in Paragraph 74.

75.     The allegations in Paragraph 75 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 75.

76.     The allegations in Paragraph 76 state conclusions of law to which no response is required.   To the extent a response is required, Bank of America states that the referenced documents speak for themselves and are the best evidence of their contents.  Except as expressly stated herein, Bank of America denies the allegations contained in Paragraph 76.

77.     The allegations in Paragraph 77 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 77.

78.     The allegations in Paragraph 78 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 78.

79.     The allegations in Paragraph 79 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 79.

80.     The allegations in Paragraph 80 state conclusions of law and statements of subjective belief, and therefore require no response.  To the extent a response is required, Bank of America is unable to admit or deny the allegations contained in Paragraph 80 and therefore denies them.

81.     The allegations in Paragraph 81 state conclusions of law to which no response is required.   To the extent a response is required, Bank of America states that the referenced documents speak for themselves and are the best evidence of their contents.  Except as expressly stated herein, Bank of America denies the allegations contained in Paragraph 81.

82.     The allegations in Paragraph 82 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 82.

83.     The allegations in Paragraph 83 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 83.

## "PRAYER FOR RELIEF"

With respect to the unnumbered paragraph and sub-paragraphs (1) through (7) following Paragraph 83, Bank of America denies that Plaintiffs are entitled to any of the requested relief.

## "JURY TRIAL DEMAND"

With respect to the unnumbered paragraph following the "Jury Trial Demand" section of the FAC, Bank of America admits only that Plaintiffs purport to demand a trial by jury.  Bank of America reserves its right to contest Plaintiffs' jury demand.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

The FAC fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs have failed to join all necessary or indispensable parties to this action.

### THIRD DEFENSE

Plaintiffs lack standing to pursue their claims because, on information and belief, they have suffered no cognizable injury fairly traceable to the challenged conduct.

### FOURTH DEFENSE

Plaintiffs lack standing to pursue their claim for injunctive relief because there is no risk of future injury.

## FIFTH DEFENSE

Plaintiffs' claim for injunctive relief is barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

## SIXTH DEFENSE

Recovery on Plaintiffs' claims is or may be barred or limited by the doctrines of *in pari delicto*, unclean hands, and/or similar legal and equitable principles.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by release, waiver, and similar concepts.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TENTH DEFENSE

Plaintiffs' claims are barred insofar as they are based on, or insofar as they seek to impose liability on Bank of America for, the acts and omissions of third parties for whom Bank of America is not responsible.

## ELEVENTH DEFENSE

Plaintiffs' claims and/or any recovery are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care and diligence to avoid or mitigate any damages.

### TWELFTH DEFENSE

Plaintiffs' claims are barred because if Plaintiffs were to recover money in this action, Plaintiffs would be unjustly enriched.

### THIRTEENTH DEFENSE

The Due Process Clause of the United States Constitution bars or limits the relief requested by Plaintiffs, on their own behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Bank of America to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Bank of America.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred because Bank of America complied or substantially complied with the terms of the contract.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred because they failed to perform contractual conditions precedent, including the requirement that they provide timely notice of any alleged errors on their account statements.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to provide timely notice or the alleged errors on their account statements as required by the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because they did not suffer any actual damages proximately caused by the challenged conduct.

## EIGHTEENTH DEFENSE

Plaintiffs' claims against Bank of America Corporation are barred because Bank of America Corporation is not a depository institution and the FAC does not contain any specific allegations regarding its conduct or any other basis for holding Bank of America Corporation liable for the claims alleged.

## NINETEENTH DEFENSE

With respect to absent putative class members, in the event Plaintiffs are allowed to pursue class certification, Bank of America reserves all affirmative defenses and claims, including, but not limited to, the defenses of lack of personal or subject matter jurisdiction; statute of limitations; lack of standing; bankruptcy; good faith and/or that their claims may be barred by principles of *in pari delicto* and/or unclean hands; *res judicata*; and/or collateral estoppel, claim preclusion, judgment, waiver, or similar concepts.

Bank of America hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

Bank of America expressly reserves its right to amend this Answer, including, but not limited to, by asserting additional defenses or making additional claims or counterclaims for further relief, as discovery in this action shall warrant, or in the event of any future change in the nature or scope of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the FAC, Bank of America prays for relief as follows:

1.     That the FAC be dismissed in its entirety with prejudice, and that judgment be entered in favor of Bank of America;

2.     That Bank of America be awarded its costs and expenses of suit incurred herein, including reasonable costs and attorneys' fees; and

For such other and further relief as the Court deems just and proper.

Dated: April 3, 2018                             Respectfully submitted,

/s/ Alyssa A. Sussman
Alyssa A. Sussman (AS1224)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax: 212.355.3333
asussman@goodwinlaw.com

David L. Permut (*pro hac vice*)
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
DPermut@goodwinprocter.com

*Attorneys for Defendants*
*Bank of America, N.A. and*
*Bank of America Corporation*

## <u>CERTIFICATE OF SERVICE</u>

  I, Alyssa A. Sussman, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on April 3, 2018.


              /s/ Alyssa A. Sussman