

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
CONSUMER FRAUDS & PROTECTION BUREAU

July 24, 2018



**Hand Delivery**
Hon. Alison J. Nathan
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

Re: *Pantelyat v. Bank of America, N.A.*, No. 16-cv-08964 (S.D.N.Y.)

Dear Judge Nathan:

I write with the support of the below-signed state Attorneys General offices concerning the settlement in *Pantelyat v. Bank of America, N.A.*, No. 16-cv-08964 (S.D.N.Y.). The Class Action Fairness Act of 2005 requires that settlement defendants in a class action serve notice of the settlement on the appropriate state officials, thereby giving them an opportunity to review the settlement prior to its approval. The legislative history of CAFA establishes "that notice of class action settlements be sent to appropriate state and federal officials … so that they may voice concerns if they believe that the class action settlement is not in the best interest of their citizens." S. REP. 109-14, 2005 U.S.C.C.A.N. 3, 6. Case law also recognizes this role of state Attorneys General. *E.g., Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1301 n.9 (S.D. Fla. 2007) (noting role of Attorneys General in class settlement approval process); *True v. American Honda Motor Co.* 749 F. Supp. 2d 1052, 1082 (C.D. Cal. 2010) (discussing the views of state Attorneys General with respect to a class action settlement grounded in products liability claims). Since the passage of the Act, state attorney generals have successfully objected to or brought about the modification of settlements which were unfair to consumers.

The undersigned have reviewed the January 12, 2018 settlement agreement in this case (the "Settlement Agreement") and state Attorney General representatives have spoken to counsel for the parties. The undersigned have a significant concern relating to the parties which the proposed settlement releases from liability. Specifically, among the defined "Released Parties" is Uber Technologies, which is not a defendant, nor a party.[1] Furthermore, it does not appear that, in connection with the conduct in question in this case, Uber acted as an agent for Bank of America or otherwise stood in its shoes, such that its liability might somehow be derivative of Bank of America's. And yet the Settlement Agreement releases Uber from "any claim[s]…from the beginning of the world until today…that…were or could have been asserted in the Complaint [or] arise out of, relate to, or are in connection with the assessment of overdraft fees on one-time non-recurring Uber transactions."

---

[1] This letter relates solely to the concerns surrounding the release of Uber, a third party.

28 LIBERTY STREET, NEW YORK, NY 10005 ● PHONE (212) 416-8300 ● FAX (212) 416-6003 ● WWW.AG.NY.GOV

The inclusion of a true third party in the release is unusual in the class action settlement context, and confusing to the consumers who have received notice of the settlement. While it is common for class-action settlement agreements to release the defendants' agents, successors, and similarly-situated persons, releases are not ordinarily granted, and should not be granted, to true third parties which have not been participants in the litigation. It is particularly noteworthy that Uber is *paying no consideration whatsoever to the class for its release*—meaning that the Settlement Agreement is giving it a "free ride."

The approval of such a release would create a problematic precedent. Claims against Uber were never brought in this case. Therefore, it does not appear that any substantial factual investigation through discovery of the potential bases for any such claims has taken place, nor any meaningful analysis of their potential value to class members. It is thus difficult to understand how class counsel can purport to advise class members of the advisability of releasing such claims, or to accurately evaluate their usefulness as a bargaining chip as part of the settlement. This is in stark contrast to the class's claims with respect to Bank of America, with respect to which class counsel represents that it "investigated the facts and underlying events relating to the subject matter…conducted substantial discovery…[and] carefully analyzed the applicable legal principles" in recommending settlement. (Settlement Agreement at 3.)

Finally, through the name of the case alone, class members will be on notice that remaining in the class releases claims pertaining to Bank of America; but, even after a cursory review, they may not be aware that they are also releasing claims pertaining to Uber. Given the risks and disadvantages class members already face in the class action settlement context, the inclusion of a third-party release in this manner is unfair to consumers who may inadvertently release potential claims, or at a minimum be subject to additional confusion in an already confusing process in which their rights are substantially affected.

Therefore, as it now stands, the Settlement Agreement is inequitable and should be denied final approval.

Respectfully submitted,

*Jane M. Azia*

Jane M. Azia
Bureau Chief, Consumer Frauds and Protection
New York Office of the Attorney General

*Rebecca Eggleston*

Rebecca Eggleston
Section Chief
Consumer Protection & Advocacy Section

Arizona Office of the Attorney General


Jessica Whitney
Director, Consumer Protection
Office of the Attorney General of Iowa


Max Weinstein
Chief, Consumer Protection Division
Office of the Massachusetts Attorney General


Glenn Kaplan
Chief, Insurance and Financial Services Division
Office of the Massachusetts Attorney General


Bridgette W. Wiggins
Director, Consumer Protection Division
Mississippi Attorney General's Office


Meghan Stoppel
Chief, Consumer Protection Division
Nebraska Attorney General's Office


Cholla Khoury, Director
Consumer & Environmental Protection Division
New Mexico Office of the Attorney General


3

Sarah A. E. Frasch
Chief Deputy Attorney General
Director of Bureau of Consumer Protection
Pennsylvania Office of Attorney General

Kelly Harpster
Attorney-In-Charge, Financial Fraud/
    Consumer Protection
Oregon Department of Justice

Edmund F. Murray Jr.
Special Assistant Attorney General,
    Civil Division
Rhode Island Attorney General's Office

Shannon Smith, Division Chief
Consumer Protection Division
Washington Attorney General's Office

cc:    Mr. Robert Ahdoot
       Ahdoot & Wolfson, PC
       1016 Palm Avenue
       West Hollywood, CA 90069

Ms. Alyssa Anne Sussman
Goodwin Procter, LLP
New York Times Building
620 8th Avenue
New York, NY 10018-1405