**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| NICOLETTA PANTELYAT, MICHAEL EDWARDS, and ISABELLE SCHERER individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>Defendants | Civil Action No. 16-cv-08964-AJN<br><br>**FINAL APPROVAL ORDER** |

## FINAL APPROVAL ORDER

**WHEREAS**, the Parties to the above-described class action (the "Action") entered into a Settlement Agreement dated as of January 12, 2018 (the "Agreement," "Settlement Agreement," or "Settlement"); and

**WHEREAS**, on March 19, 2018, the Court entered a Preliminary Approval Order, which, *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) appointed Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer as Settlement Class Representatives; (iv) appointed Tina Wolfson and Robert Ahdoot of Ahdoot & Wolfson, PC, as Settlement Class Counsel; (v) approved the form and manner of the Class Notice; and (vi) set a hearing date to consider final approval of the Settlement.

1

**WHEREAS**, Class Notice was provided to all persons identified in the Settlement Class Member List in accordance with the Court's Preliminary Approval Order by individual mailings and mailed notice was supplemented by email when current addresses could not be ascertained for certain Class Members; and

**WHEREAS**, a notice of Settlement was mailed on January 29, 2018 to governmental entities as provided for in 28 U.S.C. § 1715; and

**WHEREAS**, on August 8, 2018, at 11:00 a.m., at the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 2102, New York, NY 10007, The Honorable Alison J. Nathan held a hearing to determine whether the Settlement was fair, reasonable, and adequate ("Final Approval Hearing");

**WHEREAS**, pursuant to the discussion amongst The Honorable Alison J. Nathan and the Parties at the Final Approval Hearing, the Parties amended the Settlement Agreement to further clarify that the release in Part (b) of Paragraph 101 is limited to overdraft fees assessed by Bank of America on one-time, non-recurring Uber transactions; and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

B. This Order incorporates the definitions in the Settlement Agreement, and all terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

C. The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all

2

persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

D. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

E. The Settlement set forth in the Agreement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Settlement Class Representatives and Defendants to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, objections by Settlement Class Members, and the opinion of competent counsel concerning such matters. The Court has considered the filed objection to the Settlement, and to the extent such objection has not been withdrawn, it is overruled and denied on the merits.

F. The distribution plan proposed by the Parties is fair, reasonable, and adequate.

G. The Settlement Class Representatives have fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

H. The persons and entities who have timely and validly filed notices of intention to opt out are identified in Exhibit A attached hereto ("Excluded Persons").

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The Settlement set forth in the Settlement Agreement is approved as fair, reasonable, and adequate. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

2. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order. Excluded Persons identified in Exhibit A are no longer parties to this Action and are not bound by the Agreement or the Settlement.

3. The appointment of Nicoletta Pantelyat, Michael Edwards, and Isabelle Scherer as Settlement Class Representatives is affirmed.

4. The appointment of Tina Wolfson and Robert Ahdoot of Ahdoot & Wolfson, PC, as Settlement Class Counsel is affirmed.

5. The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members; (d) the Settlement Class Representatives are adequate representives for the Settlement Class, and have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

6. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

7. The Settlement Class Representatives and each Settlement Class Member, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf will be deemed to have completely released and forever discharged Bank of America Corporation, Bank of America, N.A., Uber Technologies Inc., and each of their parents, subsidiaries, affiliates, officers, directors, employees, attorneys, shareholders, agents, assigns, and third party suppliers and vendors (collectively, the "Released Parties"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including without limitation those known or unknown, from the beginning of the world

until today, that arises out of common law, state law, or federal law, whether by Constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated (collectively, "Claims"), as of the Effective Date that: (a) were or could have been asserted in the Amended Class Action Complaint filed in this Action on March 20, 2018 (ECF No. 72); (b) arise out of, relate to, or are in connection with Bank of America's assessment of overdraft fees on one-time, non-recurring Uber transactions or (c) arise out of, relate to, or are in connection with the administration of the Settlement (the "Released Claims"). The Settlement Class Representatives, and all Settlement Class Members, are hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

8. The Settlement Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Parties.

9. The distribution plan as described in the Class Notice to all persons identified in the Settlement Class Member List is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this Final Approval Order.

10. The Court hereby decrees that neither the Settlement Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendants or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendants or the Released Parties in any

proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

11. Settlement Class Counsel is awarded attorneys' fees in the amount of $ **5.5 million** and costs in the amount of $ **51,562.67**, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Settlement Class Representatives are awarded service awards of $ **2,500.00** each, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

12. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

13. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14. In the event that this "Final Approval Order" does not become "Final", as defined in Paragraph 13 of the Settlement Agreement, then the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement.

15. The Court adjudges that the Settlement Class Representatives and all Settlement Class Members shall be bound by this Final Approval Order.

6

17. Upon the entry of this Order, the Settlement Class Representatives and all Settlement Class Members shall be enjoined and barred from asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: Jan 31, 2019.

_____
Alison J. Nathan
United States District Judge

**EXHIBIT A**

# Pantelyat v. BofA

Case no : 1:16-cv-08964-AJN

Request for Exclusion

| SR | First_Name_1 | Middle_Name_1 | Last_Name_1 | First_Name_2 | Middle_Name_2 | Last_Name_2 | Optout# |
|---|---|---|---|---|---|---|---|
| 1 | DANIEL | | STATE | | | | 890000001 |
| 2 | SALVADOR | R | CASILLAS | | | | 890000002 |
| 3 | JESSICA | | HERNANDEZ | | | | 890000003 |
| 4 | VALERII | | HURA | | | | 890000004 |
| 5 | FRANCES | T | GELEKANAO | | | | 890000005 |
| 6 | ESTHER | | MANDE | | | | 890000006 |
| 7 | AYANNA | M | ST HILL | AYANNA | M | ST HILL | 890000007 |
| 8 | DANIELYS | | MUNOZ | | | | 890000008 |
| 9 | ALISHA | | RUMPH | ALISHA | | RUMPH | 890000009 |
| 10 | BRANDON | | DAVIS | | | | 890000010 |
| 11 | HURI | N | HAN LEE | | | | 890000011 |
| 12 | KEVIN | J | CARPENTIERI | | | | 890000012 |
| 13 | AINA CHARISSA | L | MULLEDA | | | | 890000013 |
| 14 | MAGDALENA | A | JEDRZEJEK | | | | 890000015 |
| 15 | JENNIFER | A | TRAN | | | | 890000016 |
| 16 | JI HEA | | KIM | | | | 890000018 |
| 17 | JORGE | C | ROA | JORGE | C | ROA | 890000019 |
| 18 | JANEZA | M | SANTIAGO | | | | 890000020 |
| 19 | KENNETH | R | MCNEELEY | KATHLEEN | G | MCNEELEY | 890000021 |
| 20 | WILLIAM | T | MARKS | CATHERINE | M | MARKS | 890000022 |
| 21 | RACHELLE | | HELAS | | | | 890000023 |

| 22 | NEAL | | KIRBY | | | | 890000024 |
|---|---|---|---|---|---|---|---|
| 23 | ELIZAVETA | | VEDROVA | | | | 890000025 |
| 24 | UMASHANKAR | | SOMASUNDARAM | UMASHANKAR | | SOMASUNDARAM | 890000026 |
| 25 | RAUL | R | OLMOS JAEN | | | | 890000028 |
| 26 | BRYCE DANNIEL | E | ABILLE | | | | 890000030 |
| 27 | VICTORIA | N | KAMAGI | | | | 890000032 |
| 28 | JIHO | | JANG | | | | 890000033 |
| 29 | RICK | J | DAVIS | | | | 890000034 |
| 30 | EVELYN | M | LOPEZ | | | | 890000036 |
| 31 | PRAHLAD | | KUMAR | PRAHLAD | | KUMAR | 890000037 |
| 32 | YINGHUA | | SHEN | | | | 890000038 |
| 33 | PRINCE | S | GLOVER | | | | 890000040 |
| 34 | ERICA | | HODGES | ERICA | | HODGES | 890000041 |
| 35 | JON | C | KINNARD | | | | 890000042 |
| 36 | MICHELLE | | MONTERO | MICHELLE | | MONTERO | 890000043 |
| 37 | GULAIYM | | KALIEVA | | | | 890000046 |
| 38 | WANDHER | G | DIAZ | | | | 890000047 |
| 39 | DENISSE | | ACEVEDO | | | | 890000048 |
| 40 | LOUIS | | CORBA | | | | 890000050 |
| 41 | FRANK | | HEDIN | | | | 890000051 |
| 42 | BERTA | | STATHAM | | | | 890000053 |
| 43 | TANIA | | LOURENCO | | | | 890000055 |
| 44 | ESTHER | | NWADIAJU | | | | 890000057 |
| 45 | BROWN | | TENG | | | | 890000058 |
| 46 | SAFVINAZ | | ABDULLAYEVA | | | | 890000060 |
| 47 | ANDREA | | RITCHIE | ANDREA | | RITCHIE | 890000061 |
| 48 | BRIA | C | ANDERSON | | | | 890000063 |
| 49 | RUNZE | | LI | | | | 890000065 |
| 50 | ANA | K | PONTES MACHADO | | | | 890000066 |

| # | First | MI | Last | Alt First | Alt MI | Alt Last | ID |
|---|---|---|---|---|---|---|---|
| 51 | URANZAYA | | BATSUKH | | | | 890000067 |
| 52 | SHEILA | J | TORRES | ALEISHA | Y | DAVILA TORRES | 890000068 |
| 53 | SRI ADITYA | | CHALLA | | | | 890000069 |
| 54 | SILJE MARIE | | SKAALEVAAG | | | | 890000071 |
| 55 | ELIJAH | | BELCHER | | | | 890000072 |
| 56 | OTGONBAYAR | | TSERENNADMID | | | | 890000073 |
| 57 | GARY | A | GOSLIN | | | | 890000074 |
| 58 | RICHARD | J | CLANCY | ALICIA | L | CLANCY | 890000079 |
| 59 | DYLAN | | DICKMANN | DYLAN | | DICKMANN | 890000082 |
| 60 | MAAME | D | OWUSU | | | | 890000083 |
| 61 | ROSARIO | P | BABISKIN | | | | 890000084 |